Ronald A. Nimkoff (RN 4598)
NIMKOFF ROSENFELD & SCHECHTER, LLP
Attorneys *Pro Se*
One Pennsylvania Plaza, Suite 2424
New York, New York 10022
(212) 868-8100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIMKOFF ROSENFELD & SCHECHTER, LLP

Plaintiff,

-against-

RKO PROPERTIES, LTD. and FIDELITY
INVESTMENTS,

Defendants.

---

**JUDGE BATTS**

**07 Civ CIV 7983**

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff Nimkoff Rosenfeld & Schechter, LLP (the "Nimkoff Firm"), for its

complaint states, on knowledge with respect to its own actions and the statements of

others and on information and belief with respect to the actions of others, as follows:

<u>PARTIES</u>

1.      The Nimkoff Firm is a New York limited liability partnership engaged in

the practice of law and maintains an office at One Pennsylvania Plaza, Suite 2424, New

York, New York 10022.

2.      Defendant RKO Properties ("RKO") is a corporation organized and existing

under the laws of the State of Delaware with its principal place of business located in

Miami Beach, Florida.  RKO was the plaintiff in an antecedent action in New York State

Supreme Court entitled *RKO Properties v. Shaya Boymelgreen et al.*, Index No. 29822/02 (Sup. Ct., Queens County) (the "Boymelgreen Action").

3.    Defendant Fidelity Investments ("Fidelity") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located in the Commonwealth of Massachusetts. Fidelity is a nominal defendant whose only role in this action is as a disinterested stakeholder that is currently maintaining in an escrow account the funds principally at issue.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 by virtue of the diversity of citizenship of the parties and the amount in controversy which exceeds, exclusive of interest and costs, the sum or value of $75,000.

5.    This district is a proper venue for this action because, among other reasons, (i) a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this district and (ii) defendant RKO expressly consented in writing to venue in this district.

<u>COUNT I</u>

(BREACH OF CONTRACT AS AGAINST RKO)

6.     The Nimkoff Firm repeats and reavers the averments set forth in paragraphs 1 through 5 herein.

7.     By agreement dated February 5, 2003 (the "Prior Agreement"), RKO retained the Nimkoff Firm as its counsel in the Boymelgreen Action.

8.     By agreement dated April 7, 2005 and executed on June 9, 2005 (the "Fee Agreement"), RKO and the Nimkoff Firm amended the Prior Agreement through which RKO had retained the Nimkoff Firm as its counsel in the Boymelgreen Action, and the Nimkoff Firm agreed to continue to serve as counsel in that action. *See* the Fee Agreement, a copy of which is attached as Exhibit A. The Fee Agreement expressly superseded the Prior Agreement which had governed the terms of the Nimkoff Firm's representation of RKO in the Boymelgreen Action. *Id.* at 1.

9     In the Fee Agreement, RKO agreed, among other things, that if its recovery in the Boymelgreen Action exceeded $865,896.00, it would pay the Nimkoff Firm a fee equal to one-third of (RKO's recovery less the amount it had paid and owed to the Nimkoff Firm for reimbursement of disbursements) (the "Contingency Fee"). *Id.* at 2. In order to avoid a misunderstanding of the calculation of the Contingency Fee, the Fee Agreement included several hypothetical numerical examples clearly explaining the calculation of the Contingency Fee. *See id.*

3

10.    Pursuant to the Fee Agreement and the Prior Agreement, the Nimkoff Firm

represented RKO in the Boymelgreen Action from in or about early February 2003

through the settlement of the Boymelgreen Action in August 2007. During this period, the

Nimkoff Firm diligently and faithfully prosecuted the claims set forth in RKO's

complaint (or, more accurately, amended complaint) in all respects.  The Nimkoff Firm

has duly performed all of its obligations under the Fee Agreement and has also satisfied

all conditions required of it under the Fee Agreement.

11.    After years of pretrial litigation, negotiations between RKO and the

defendants in the Boymelgreen Action became particularly productive in the Spring of

2007 and indicated the likelihood of a multimillion dollar settlement of RKO's claims.

12.    At that time, and as a result of such indication, RKO sought to preclude the

Nimkoff Firm from learning any further information concerning the settlement, in an

attempt to interfere with the Nimkoff Firm's recovery of its duly entitled Contingency

Fee.  Accordingly, without terminating the Nimkoff Firm's representation of it in the

Boymelgreen Action, RKO instructed the Nimkoff Firm to refrain from any further

participation in settlement discussions and advised the Nimkoff Firm that another lawyer

would assist it in consummating the settlement negotiations in the Boymelgreen Action.

RKO also demanded that the defendants in the Boymelgreen Action refrain from

providing any information to the Nimkoff Firm regarding settlement.  RKO also

4

provided false information to the Nimkoff Firm regarding the terms of the settlement to further its attempt to deprive the Nimkoff Firm of its rightful fee.

13.     As a result of these circumstances, the Nimkoff Firm, on July 11, 2007, informed the defendants in the Boymelgreen Action of the existence of the Fee Agreement, its Contingency Fee, and its charging lien on RKO's claims against them, which, pursuant to New York Judiciary Law § 475, attaches to any payment of settlement monies made to, or on behalf of, RKO in the Boymelgreen Action.

14.     Thereafter, unbeknownst to the Nimkoff Firm, on or about July 17, 2007, RKO entered into a stipulation of settlement (the "Stipulation of Settlement") with the defendants in the Boymelgreen Action, which, *inter alia*, required the payment to RKO of $4.25 million in settlement funds (the "Settlement Funds") by August 14, 2007. *See* Stipulation of Settlement at 4, a copy of which is attached as Exhibit B.

15.     The Stipulation of Settlement provided that certain of the defendants in the Boymelgreen Action pay all the Settlement Funds directly to RKO's account. *See* Stipulation of Settlement at 5. The payment of the Settlement Funds directly to RKO's account, however, would not only have interfered with the Nimkoff Firm's charging lien, but also would have interfered with the Nimkoff Firm's contractual rights under the Fee Agreement, which expressly provided that the Contingency Fee shall be paid or delivered in the first instance to the Nimkoff Firm. *See* Fee Agreement at 3. Accordingly, the

5

defendants in the Boymelgreen Action refused to make any such payment directly to RKO and, instead, sought the intervention of the court in the Boymelgreen Action.

16.    Thereafter, with the assistance of the court, the settlement of the Boymelgreen Action consummated. Pursuant to the terms of the Stipulation of Settlement as modified by the state court's orders, $2,823,000 of the Settlement Funds were paid directly to RKO and, as set forth in more detail at ¶ 22 *infra*, $1,427,000 of the Settlement Funds were deposited into an interest-bearing escrow account maintained by Fidelity, ("the Fidelity Escrow Account") and the Boymelgreen Action was discontinued.

17.    In light of the consummation of the settlement of the Boymelgreen Action and the payment of the Settlement Funds, RKO owes the Nimkoff Firm its Contingency Fee. Pursuant to the Fee Agreement, the Contingency Fee is $1,407,285.91, which is calculated as follows: one-third of (the Settlement Funds ($4.25 million) less $28,142.26 in disbursements that RKO has either paid or owes to the Nimkoff Firm).

18.    RKO has materially breached the Fee Agreement in that, despite owing the Nimkoff Firm the Contingency Fee in accordance with Fee Agreement, it has refused to remit to the Nimkoff Firm the sums representing the Contingency Fee.

19.    RKO has also materially breached the Fee Agreement in that it has failed to remit to the Nimkoff Firm reimbursement for the disbursements that the Nimkoff Firm has incurred on RKO's behalf in the Boymelgreen Action. The Nimkoff Firm has incurred, in accordance with the Fee Agreement, the sum of $28,142.26 in disbursements

on RKO's behalf in the Boymelgreen Action, but RKO has only remitted the sum of $6,140.61 to the Nimkoff Firm to reimburse it for such disbursements, leaving a balance due and owing to the Nimkoff Firm of $22,001.65.

20.    By reason thereof, the Nimkoff Firm is entitled to judgment against RKO in the amount of $1,429,287.56 (the $1,407,285.01 Contingency Fee plus $22,001.65 in unpaid disbursements that remain due and owing), plus applicable interest.

<u>COUNT II</u>

(DECLARATORY JUDGMENT AS AGAINST DEFENDANTS)

21.    The Nimkoff Firm repeats and reavers the averments set forth in paragraphs 1 through 20 herein.

22.    Pursuant to an order of the New York Supreme Court, Queens County dated August 16, 2007 (the "August 16 Order"), certain of the defendants in the Boymelgreen Action paid $1,427,000 of the Settlement Funds directly into the Fidelity Escrow Account. The purpose of the Fidelity Escrow Account is to preserve a portion of the Settlement Funds pending a judicial determination of the Nimkoff Firm's entitlement and right to the sums maintained in the Fidelity Escrow Account.

23.    In addition, the Nimkoff Firm has established and maintained an escrow account (the "Nimkoff Firm's Escrow Account") designed to provide some security to the Nimkoff Firm for the reimbursement of its disbursements. In accordance with an agreement that it made with RKO subsequent to the signing of the Fee Agreement (the

7

"Escrow for Disbursement Agreement"), the Nimkoff Firm is not entitled to release to anyone the funds contained in the Nimkoff Firm's Escrow Account in the absence of an agreement with RKO or a court order. As of the close of business on September 5, 2007, there was approximately $11,051.87 maintained on deposit in the Nimkoff Firm's Escrow Account.

24.    As a result of the Nimkoff Firm's diligent and faithful prosecution of the Boymelgreen Action in all respects, its performance of all of its obligations under the Fee Agreement and its satisfaction of all the conditions required of it under the Fee Agreement, the Nimkoff Firm is entitled to the funds maintained in the Fidelity Escrow Account and the Nimkoff Firm's Escrow Account up to the amount of $1,429,287.56, plus applicable interest. Nevertheless, RKO has disputed the Nimkoff Firm's entitlement to such sums.

25.    By reason thereof and the August 16 Order, Fidelity will not release the funds maintained in the Fidelity Escrow Account unless it receives (a) a clear letter of instructions signed by both Ronald A. Nimkoff (on behalf of the Nimkoff Firm) and Robert Herskowitz (on behalf of RKO) with signatures guaranteed or (b) a current (within the prior 60 days) and originally certified (with raised or colored seal) restraining order, or other process issued by a court of competent jurisdiction. *See* Fidelity's August 21, 2007 letter, a copy of which is attached as Exhibit C. Similarly, the Nimkoff Firm cannot

8

release the funds maintained in the Nimkoff Firm's Escrow Account without a court order adjudging its entitlement to those funds.

26.    The Nimkoff Firm has no adequate remedy at law.

27.    By reason of these conflicting claims, a court ordered declaration is required (a) adjudging that, pursuant to the Fee Agreement, the Nimkoff Firm is the lawful and rightful owner of the funds maintained in the Fidelity Escrow Account and the Nimkoff Firm's Escrow Account up to the amount of $1,429,287.56, plus applicable interest, (b) directing Fidelity to release the funds maintained in the Fidelity Escrow Account to the Nimkoff Firm and (c) enabling the Nimkoff Firm to release the funds maintained in the Nimkoff Firm's Escrow Account to itself to the extent that such funds are necessary to supplement the funds from the Fidelity Escrow Account in order for the Nimkoff Firm to receive the sum of $1,429,287.56, plus applicable interest.

WHEREFORE, The Nimkoff Firm demands a trial by jury and judgment:

(1)    on its first count, against RKO, for damages in the amount of $1,429,287.56, plus interest;

(2)    on its second count, against the defendants, declaring the legal rights, relations and duties of the parties with respect to the Fidelity Escrow Account and the Nimkoff Firm's Escrow Account as follows: (a) that, pursuant to the Fee Agreement, the Nimkoff Firm is the lawful and rightful owner of the funds maintained in the Fidelity Escrow Account and the Nimkoff Firm's Escrow Account up to the amount of

$1,429,287.56, plus applicable interest, (b) that Fidelity release the funds maintained in the Fidelity Escrow Account to the Nimkoff Firm, (c) that the Nimkoff Firm be permitted to release the funds maintained in the Nimkoff Firm's Escrow Account to itself to the extent that such funds are necessary to supplement the sums maintained in the Fidelity Escrow Account in order for the Nimkoff Firm to receive the sum of $1,429,287.56, plus applicable interest, and (d) that the Nimkoff Firm be entitled to such other and further declaratory relief as the Court may deem to be appropriate;

(3)     for its costs and disbursements incurred in connection with this action, including its attorneys' fees or, alternatively, the value of the legal services that the Nimkoff Firm renders on its own behalf; and

(4)     for such other and further relief as this Court deems to be just and proper.

Dated:   New York, New York
         September 11, 2007

                          NIMKOFF ROSENFELD & SCHECHTER, LLP

                          By: _____
                                Ronald A. Nimkoff (RN 4598)
                          (A Member of the Firm)
                          Attorneys *pro se*
                          One Pennsylvania Plaza, Suite 2424
                          New York, New York 10119
                          (212) 868-8100

10

**Exhibit A**

NIMKOFF ROSENFELD & SCHECHTER, LLP

ONE PENNSYLVANIA PLAZA, SUITE 2424
NEW YORK, NEW YORK 10119

TELEPHONE (212) 868-8100
FACSIMILE (212) 868-0227
www.nrslp.com

RONALD A. NIMKOFF
SHIMON A. ROSENFELD

ROBERT J. SCHECHTER
SENIOR COUNSEL

MICHAEL B. AROUH
STEVEN H. BLATT

OF COUNSEL

April 7, 2005

Mr. Robert Herskowitz
RKO Properties Ltd.
490 West End Avenue, Apt. 10B
New York, New York 10024

Re:  *RKO Properties Ltd. v. Shaya Boymelgreen, Boymelgreen Developers LLC,
RKO Plaza LLC f/k/a RKO Pacific LLC, Africa Israel Investments Ltd.,
Richard D. Marans, Lester Dworman individually and d/b/a Bentos
Company, Thomas J. Huang, and RKO Delaware, Inc., Index No. 29822/02*

Dear Robby:

    We are pleased to have the opportunity to continue to represent RKO Properties
Ltd. ("RKO Properties"), in connection with the action pending in the Supreme Court of
the State of New York, County of Queens, entitled *RKO Properties Ltd. v. Shaya
Boymelgreen, Boymelgreen Developers LLC, RKO Plaza LLC f/k/a RKO Pacific LLC,
Africa Israel Investments Ltd., Richard D. Marans, Lester Dworman individually and
d/b/a Bentos Company, Thomas J. Huang, and RKO Delaware, Inc.*, Index No. 29822/02
(the "Action"), under the terms set forth below.

    This Agreement, which is effective retroactive to February 1, 2004, supersedes our
prior agreement with RKO Properties dated February 5, 2003 (the "Prior Agreement")
that previously governed the terms of our representation of RKO Properties in the Action.
The services to be performed within the scope of this Agreement include all appropriate
services rendered in connection with the Action.  Such services may include, among other
things, communications with, among others, you, RKO Properties' former counsel, and
counsel to other parties; legal research; preparation of correspondence; preparation of
memoranda analyzing various legal and/or factual issues; preparation, service and filing

Mr. Robert Herskowitz
April 7, 2004
Page 2

of pleadings, discovery requests, discovery responses and motion papers; court appearances; review and analysis of papers that other parties serve and of court orders; review and analysis of documents; preparation for, and taking and defending, depositions; preparation for, and conducting, the trial; the handling of appeals from orders or judgments, including preparation of appellate briefs and oral argument; participation in settlement discussions and/or mediation; preparation of a settlement agreement and other settlement documents; and other tasks ancillary to our representation of RKO Properties.

I will be the partner responsible for this engagement and urge you to contact me at any time with your comments or questions about our representation of RKO Properties. In the event of any recovery that RKO Properties may receive in connection with, or relating to the Action, whether by settlement, judgment or otherwise (the "Recovery"), our firm shall be entitled to the *greater of* the following amounts, up to and including the amount of the Recovery: (i) $288,632.00 (less any entitlement that RKO Properties may have to the return of sums that it has paid, or may pay, to Nimkoff Rosenfeld & Schechter, LLP and Davidoff & Malito for disbursements (the "Sums For Disbursements Paid To NRS")) as provided below or (ii) in the event that the Recovery exceeds the sum of $865,896.00, then 33 1/3% (thirty-three and one-third percent) of the Recovery less the Sums For Disbursements Paid To NRS as provided below. In the event of a recovery, RKO Properties shall have an entitlement to the return of some or all of the Sums For Disbursements Paid To NRS , and that entitlement shall be of the same priority (dollar for dollar as against the Recovery) as our entitlement to fees for our services.

By way of a hypothetical example, assume that the Recovery is $2,000,000 and the Sums For Disbursements Paid To NRS equals $50,000. In that event, we would be entitled to 33 1/3% (of the Recovery ($2,000,000) less the Sums For Disbursements Paid To NRS ($50,000)) or, in other words 33 1/3% of $1,950,000 or $650,000. If, as another example, the Recovery is $300,000 and the Sums For Disbursements Paid To NRS equals $50,000, then we would be entitled $250,000 and RKO Properties would be entitled to $50,000. By way of another hypothetical example, assume that the Recovery is $100,000 and the Sums For Disbursements Paid To NRS equals $50,000. In that event, we would be entitled $50,000 and RKO Properties would be entitled to $50,000. If, as another example, the Recovery is $100,000 and the Sums For Disbursements Paid To NRS equals $20,000, then we would be entitled $80,000 and RKO Properties would be entitled to $20,000.

By way of hypothetical example, assume that the Recovery is $50,000 and the

Mr. Robert Herskowitz
April 7, 2004
Page 3


Sums For Disbursements Paid To NRS equals $20,000. In that case, RKO Properties
would be entitled to receive $20,000 as the Sums For Disbursements Paid To NRS and
we would be entitled to retain the remaining $30,000.00 of the Recovery as payment for
our services. By way of another hypothetical example, if the Recovery is $30,000 and the
Sums For Disbursements Paid To NRS equals $20,000, then RKO would be entitled to
the sum of $15,000 and we would be entitled to retain the remaining $15,000 of the
Recovery as payment for our services. If, however, there is no Recovery, then RKO
Properties would not be entitled to the return of any of the Sums For Disbursements Paid
To NRS.

         *our share*

        You further agree that the proceeds of any Recovery (whether by settlement or by
collection of judgment, and whether those proceeds are in the form of money, personal
property, real estate or other thing of value) shall be paid or delivered in the first instance
to our firm, as attorneys, and that our firm will then be entitled to deduct its fee first
without further authorization from you before forwarding the balance of the proceeds to
RKO Properties. Accordingly, you authorize us to sign your name to any check or
negotiable instrument, or to receive any bank wire, containing the proceeds of any
Recovery.

        RKO Properties also agrees that we will continue to be responsible for the payment
of any and all disbursements related to our representation. Such disbursements may
include usual and customary charges for duplicating, facsimile transmission, long
distance telephone service, computerized legal research, travel, court reporter fees, local
counsel fees, expert witness fees, secretarial overtime and other charges incidental to
overtime, postage, overnight courier and messenger services, as well as other charges
necessary to reimburse us for payments made to third party providers of these and other
services. At our option, we reserve the right to require advance payment of specifically
anticipated disbursements (such as the cost of deposition transcripts), so that our firm
does not have to advance such disbursements.

        We acknowledge that we are maintaining the sum of $1,000 plus accumulated
interest in an interest bearing escrow account that we have opened in the name of RKO
Properties (and which has, and will, accrue interest for RKO Properties). That $1,000+
sum will be applied against our *last* statement for disbursements.

        Under New York State law, we are also required to advise you that, in the event
that a dispute arises between RKO Properties and our firm regarding the amount of fees

Mr. Robert Herskowitz
April 7, 2004
Page 4

to which we are entitled under this Agreement, and if the amount in dispute is between
$1,000 and $50,000, RKO Properties will, upon appropriate and timely assertion of a
demand for arbitration, be entitled to elect in the first instance to seek to resolve that
dispute through arbitration in accordance with Part 137 of New York's Rules of the Chief
Administrator of the Courts, 22 NYCRR § 137.0, *et seq.*  However, any award rendered
in such an arbitration proceeding would not necessarily be final and binding, but would
be subject to *de novo* judicial review in accordance with 22 NYCRR § 137.8.

This Agreement shall be construed in accordance with the substantive laws of the
State of New York without regard to New York's choice of law rules.  Moreover, except
to the extent that New York State's provision for the compulsory arbitration of attorney-
client fee disputes as set forth in the preceding paragraph is applicable, you and RKO
Properties agree that all litigation arising from, or relating to, this Agreement shall be
commenced and maintained in the United States District Court for the Southern District
of New York, the Supreme Court of the State of New York, County of New York, or the
Civil Court of the City of New York, County of New York, as appropriate.  Accordingly,
subject to the preceding paragraph, you and RKO Properties expressly consent to the
personal jurisdiction of those courts and waive any challenge to the venue of those courts.

By signing this Agreement on the signature line below, you acknowledge that you
have read this Agreement in its entirety, have had a full opportunity to consider its terms,
have had a full and satisfactory explanation of it, and fully understand its terms and
accept and agree to such terms.  You also represent that you are authorized to enter into
this Agreement on behalf of RKO Properties.  You understand and acknowledge that this
Agreement (which supersedes and replaces the Prior Agreement) represents the entire
agreement between us and that there are no additional or different terms or agreements
between RKO Properties and our firm other than the terms set forth in this Agreement.
This Agreement may not be modified except by a writing signed by the parties.

By signing this Agreement on the signature line below, you acknowledge that you
have received, read and understood the accompanying Statement of Client's Rights and
Statement of Client's Responsibilities, promulgated pursuant to Section 1210.1 of the
Joint Rules of the Appellate Division of the State of New York.

A duplicate copy of this Agreement is simultaneously enclosed.  Please sign *both*
copies of this Agreement and then return both originally executed copies of this
Agreement to me.  After receiving the two originally executed copies of this agreement

Mr. Robert Herskowitz
April 7, 2004
Page 5

back from you, we will countersign the agreement and will return a wholly executed
original to you.  Please note, however, that until you have signed this agreement, we have
signed this agreement and we have returned a fully executed original to you, this
"agreement" is of no force or effect.

We look forward to continuing to work with you.

Faithfully yours,

NIMKOFF ROSENFELD & SCHECHTER , LLP

By:   _____

Ronald A. Nimkoff

ACCEPTED AND AGREED:
RKO PROPERTIES, LTD.

By: _____     6/9/05

Robert Herskowitz, President

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
RKO PROPERTIES LTD.,

                                                    INDEX NO.29822/02

                        Plaintiff,

        -- against --                               **STIPULATION OF
                                                     SETTLEMENT**

SHAYA BOYMELGREEN, BOYMELGREEN
DEVELOPERS, LLC, RKO PLAZA LLC f/k/a RKO
PACIFIC LLC, AFRICA ISRAEL INVESTMENTS
LTD., RICHARD D. MARANS, LESTER DWORMAN,
INDIVIDUALLY AND d/b/a/ BENTOS
COMPANY, THOMAS J. HUANG and RKO
DELAWARE, INC.,

                        Defendants.

-------------------------------------------------------------------x

        WHEREAS, plaintiff, RKO PROPERTIES, LTD. commenced a lawsuit (the

"Lawsuit") on or about November 15, 2002 alleging tortious interference with contractual

relations by defendants, SHAYA BOYMELGREEN ("Shaya"), BOYMELGREEN

DEVELOPERS, LLC ("BG"), RKO PLAZA LLC f/k/a RKO PACIFIC LLC (the "Company",

together with Shaya and BG, hereinafter, collectively "Boymelgreen") with plaintiff's

agreements with Lester Dworman, individually and d/b/a Bentos Company and Thomas J. Huang

and RKO Delaware Inc. for an interest in the property designated on the Tax Map of Queens

County as Block 4958 Lots 48, and known as 135-29 through 135-45 Northern Boulevard,

Flushing, NY and 3510 Farrington Street, Queens, NY (hereinafter, the "Property"), as well as

tortious interference with any and all contracts, contractual rights and claims asserted by plaintiff

in the action and/or arising in connection with and/or attributable to the Property and/or any

direct or indirect interest therein claimed by plaintiff (for itself and/or on behalf of any principal,

WHEREAS, Boymelgreen has been unable to develop and/or use the Property since November 15, 2002; and

WHEREAS, RKO Properties and Boymelgreen wish to settle their dispute amicably to avoid the time, expense, and distraction of further litigation to both sides.

IT IS HEREBY STIPULATED AND AGREED, by and between RKO Properties, Boymelgreen and their attorneys as follows:

By entering into this Stipulation of Settlement (herein the "Stipulation") Boymelgreen does not in any way admit liability or wrongdoing toward RKO Properties or anyone else, either implicitly or explicitly. Neither this Stipulation nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Boymelgreen or any Releasee under any law, ordinance, rule, regulation or order with respect to any claim that RKO Properties or any other person has asserted, could have asserted or may assert in connection with RKO Properties' or any other person's relationship with Boymelgreen and/or any one or more of the Remaining Defendants. Boymelgreen and the Remaining Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by RKO Properties, and have agreed to enter into this Stipulation for the sole purpose of avoiding the cost and inconvenience of further litigation.

Robert Herskowitz ("Herskowitz") is and has been the President, sole shareholder, officer, director and employee of RKO Properties.

In consideration for RKO Properties entering into this Stipulation and in full and complete satisfaction of all of its actual and potential claims asserted in this action and/or arising out of or in connection with the Property or any alleged interest in the Company and/or attributable to any Contractual Rights Claims relating to the Property or the Company or any

3

direct or indirect interest therein (whether or not asserted in this action) against Boymelgreen, Boymelgreen shall, in accordance with the terms of this Stipulation, jointly and severally be obligated to pay the total sum of Four Million Two Hundred and Fifty and 00/100 ($4,250,000.00) Dollars (hereinafter, the "Settlement Amount"), directly to RKO Properties, as set forth below, in full and complete settlement of all such claims. The parties hereto acknowledge that Boymelgreen is agreeing to pay such Settlement Amount, and same is conditioned on the understanding of the parties that on even date herewith the parties have agreed in good faith and in consideration of the mutual promises contained herein to extend the Lis Pendens for 8 days to finalize the terms of this Stipulation and other documents ("First Extension"). Additionally, in order to provide for the payment of the Settlement Amount as provided for herein and provided no intervening events of material default arise hereunder, the parties agree to make a joint application to the court of original jurisdiction and, if necessary, the appellate division to extend the Lis Pendens until August 21, 2007 (the "Second Extension"). No party hereto shall have any obligation whatsoever to seek any additional extension beyond the Second Extension.

    (a)    The Settlement Amount shall be payable, in full, on or before the close of business on August 14, 2007 (the "Payment Date"), and upon receipt of such payment, the respective escrow agent below is hereby ordered to deliver the following escrowed documents to the party set forth below:

        (i)    The Stipulation of Discontinuance of the Lawsuit (hereby duly executed by RKO Properties and acknowledged as such by the RKO Escrow Agent) is hereby delivered to Ira Tokayer ("RKO Escrow Agent") to be held in escrow ;

4

(ii) Notice of Cancellation of the *Lis Pendens* (hereby duly executed by RKO Properties and acknowledged as such by the RKO Escrow Agent) is hereby delivered to the RKO Escrow Agent to be held in escrow;

(iii) General Releases (hereby duly executed by RKO Properties and Herskowitz and acknowledged as such by the RKO Escrow Agent) for the benefit of each of the defendants in the Lawsuit are hereby delivered to the RKO Escrow Agent to be held in escrow;

(iv) General Release (hereby duly executed by Boymelgreen) for the benefit of RKO Properties and Herskowitz is hereby delivered to Herzfeld & Rubin, P.C. ("Boymelgreen Escrow Agent") to be held in escrow, and when and if any General Release (in the same form as the Boymelgreen General Release) from the other defendants in the Lawsuit for the benefit or RKO Properties and Herskowitz are received, same will be held in escrow by Boymelgreen Escrow Agent (collectively, the "Boymelgreen General Releases" and together with the other documents in Sections (a)(i)-(iii), the "Escrowed Documents").

(b) Payment of the Settlement Amount shall be made by wire transfer to the account of RKO Properties, in accordance with the wire instructions attached hereto as Exhibit "B", or as otherwise directed by RKO Properties or Herskowitz in writing and confirmed by Boymelgreen not less that three (3) business days prior to the due date of such payment.

(c) In the event that this Stipulation of Settlement is to be filed in court, all account numbers on Exhibit "B" are to be deleted prior to any such filing.

Upon receipt by RKO Properties of the Settlement Amount on or before the Payment Date, the Escrowed Documents shall be immediately thereupon be released from escrow (i.e., the RKO Escrow Agent shall immediately release to Boymelgreen the documents in Section (a)(i)-(iii), provided that (1) the Stipulation of Discontinuance and the Notice of Cancellation of the Lis Pendens shall at that time be fully executed (and one fully executed original thereof is provided to RKO Escrow Agent if he so requests), and in furtherance of the foregoing the RKO Escrow Agent hereby agrees to accept from time to time execution counterparts of such 2 documents to assemble such fully executed counterparts, and (2) the RKO Escrow Agent shall only release to Boymelgreen those general releases for a defendant set forth in Section (a)(iii) above for which a reciprocal Boymelgreen General Release for that respective defendant has been delivered to the Boymelgreen Escrow Agent) (collectively, the "RKO Escrow Documents"), and the Boymelgreen Escrow Agent shall immediately release to RKO Properties the Boymelgreen General Releases contained in Section (a)(iv)). Boymelgreen and/or its counsel shall have the absolute and unconditional right to do whatever it desires with the RKO Escrow Documents, including, without limitation, filing the Stipulation of Discontinuance of the Lawsuit and the Notice of Cancellation of the *Lis Pendens* with the appropriate Court or recording office. In the event that the Settlement Amount is not paid on the Payment Date, the RKO Escrow Documents shall be promptly returned to RKO Properties and/or Herskowitz and the escrowed documents being held by the Boymelgreen Escrow Agent shall be returned to Boymelgreen.

RKO Properties agrees and confirms that payment of the Settlement Amount in full and in accordance with the terms of this Stipulation shall constitute the entire amount of monetary consideration to which it is entitled under this Stipulation and that neither it nor

6

Herskowitz nor their legal counsel shall be entitled to nor seek any further compensation or any interest in the Property or the Company.

RKO Properties and Boymelgreen acknowledge that, except as may be otherwise expressly stated herein, each of them is to be responsible for their own attorneys' fees.

Each party agrees to pay all federal, state and local taxes, if any, that are required by law to be paid by such party, with respect to the payments described above. RKO Properties and Herskowitz, jointly and severally, agree to indemnify and hold Boymelgreen harmless from any claims, demands, liens, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against any Boymelgreen for claims made under any federal, state or local tax laws, as well as from any costs, expenses or damages sustained in connection with the foregoing, including any amounts paid by as taxes, reasonable attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, in addition to any costs, disbursements and/or or attorneys' fees reasonably sustained in the course of enforcing the terms of this provision, as a result of tax payments due arising only from the payment of all or any portion of the Settlement Amount.

In addition to the remedies provided to RKO Properties and Boymelgreen herein, and notwithstanding anything to the contrary contained herein, RKO Properties and Herskowitz shall jointly and severally indemnify and hold Boymelgreen harmless from and against any damages, claims and judgments, and shall reimburse Boymelgreen for any and all costs and expenses that Boymelgreen may incur due to RKO Properties' failure to abide by any of the terms and conditions of this Stipulation, including, but not limited to, reasonable attorneys' fees, costs, disbursements, and expenses, incurred to enforce the terms of this Stipulation. If any time prior to the Payment Date, RKO Properties and/or Herskowitz breaches the terms of the General

7

Release it has given RKO Escrow Agent in escrow or commences, expands or extends any new or existing action (other than its right to individually seek to obtain the Second Extension pursuant to the terms of this Stipulation in the event that the joint application by the parties hereto to do so is not accepted by the court or otherwise enforce its specific rights under this Stipulation) or otherwise encumbers its interest or the Property, same shall be deemed a material breach by RKO Properties and Herskowitz hereunder entitling Boymelgreen to all of its rights in equity or under law.

Further to the remedies provided to RKO Properties and Herskowitz and Boymelgreen herein, and notwithstanding anything to the contrary contained herein, Boymelgreen shall jointly and severally indemnify and hold RKO Properties and Herskowitz harmless from and against any damages, claims and judgments, and shall reimburse RKO Properties and/or Herskowitz for any and all costs and expenses that may be incurred due to Boymelgreen's failure to abide by any of the terms and conditions of this Stipulation, including, but not limited to, reasonable attorneys' fees, costs, disbursements, and expenses, incurred to enforce the terms of this Stipulation.

Provided that neither RKO Properties nor Herskowitz shall then be in default of any of their joint or several obligations under this Stipulation, in the event that the Lis Pendens is not extended for the Second Extension and provided that such failure to extend is not caused by or results from the inability or unwillingness of RKO Properties and/or Herskowitz to use their respective best efforts to cooperate with Boymelgreen in attempting to secure such Second Extension, then and upon satisfaction of such conditions, Boymelgreen agrees not to in any way encumber, mortgage or sell the Property until the Settlement Amount is paid to RKO.

All notices, requests, demands, waivers, consents, approvals, or other communications required or permitted hereunder (each herein referred to as a "Notice") shall be in writing and shall be deemed to have been given when received if delivered personally or, in the case of, certified or registered mail, return receipt requested (or its equivalent), on the earlier of actual receipt or on the fifth (5th) business day after the day deposited in the U.S. Mail, First Class postage prepaid, in each case, addressed as set forth below:

If to plaintiff:
RKO Properties Ltd.
c/o Ira Tokayer, Esq.
42 West 38th Street, Suite 802
New York, New York 10018
Fax: (212) 695-5450

and to,

RKO Properties Ltd.
P.O. Box 403303
Miami Beach, Florida 33140
Fax: (212) 787-9268

If to defendant:
Boymelgreen Developers LLC
752 Pacific Street
Brooklyn, New York 11238
Fax: (718) 398-3222

With a copy to:
Sharon Schweidel
Herzfeld & Rubin, P.C.
40 Wall Street
New York, New York 10005
Fax: (212) 344-3333

If to H &R:
Sharon Schweidel
Herzfeld & Rubin, P.C.
40 Wall Street
New York, New York 10005
Fax: (212) 344-3333

9

Notices may also be delivered by Federal Express or other nationally recognized overnight courier service and shall be deemed to have been given on earlier of actual receipt or on the first (1st) business day following the deposit of such Notice with the overnight courier service. Notices may be delivered by facsimile or other type of electronic transmission and shall be deemed delivered as of the date sent, provided same is received by the recipient during the recipient's regular business hours, such transmittal and receipt shall be electronically confirmed and provided further, that an original of said document delivered by facsimile or other type of electronic transmission shall be concurrently sent by express overnight service by sender to recipient on the date originally sent by facsimile or other electronic means. In such event a faxed copy shall have the same force and effect of an original until such original is received by the recipient. Any party may, by Notice, change the address or facsimile number to which Notice or other communications to it are to be delivered or mailed. Whether the giving of Notice is required, the giving of such Notice may be waived by the party entitled to receive such Notice. A Notice given by the attorney for a party hereto shall be deemed properly given for purposes hereof.

The parties hereto, agree that, except to the extent such matters are in the public domain, as of the date hereof, or hereafter become part of the public domain, not as a result of a breach of the Stipulation by the parties hereto, to keep the existence, terms, and negotiations leading up to and incorporated within this Stipulation strictly confidential. From the date of this Stipulation forward, neither the parties nor their counsel or other representatives shall speak or write to, or otherwise communicate with, any representatives of the media with regard to the above referenced action, the terms of the settlement, Herskowitz's relationship with Boymelgreen, any one or more of the Remaining Defendants or this Stipulation, and, if asked to comment, shall

10

state only that the matter has been "resolved." Notwithstanding the foregoing, the parties may disclose the existence and terms of this Stipulation to members of their immediate family, attorneys and financial advisors for tax purposes or financial planning, who shall also be obligated to keep the existence and the terms of this Stipulation strictly confidential. In addition, the parties may disclose the existence and terms of this Stipulation if necessary in any action to enforce this Stipulation, or as otherwise required by law, provided however that counsel are notified of any attempts to compel disclosure.

Herskowitz, as an officer of RKO Properties, and Boymelgreen agree that, in the event disclosure of this Stipulation is requested by a third party, they will take reasonable steps to protect this Stipulation from disclosure and will disclose it only if required by law.

This Stipulation shall be governed, interpreted, construed and enforced by and in accordance with the laws of the State of New York.

The parties hereto hereby acknowledge that they have fully read this Stipulation and have consulted with their respective counsel with regard to negotiation and execution of this Stipulation, and that they fully understand all of the terms and provisions hereof, and they knowingly and voluntarily executed this Stipulation.

It is specifically understood and agreed by and between the parties that the within Stipulation is the result of extensive negotiations between the parties. It is understood and agreed that all of the parties shall be deemed to have drawn this document to avoid any negative inference by any court as against the preparer of this document. This Stipulation shall be binding upon the respective parties, their heirs, assigns, executors, administrators and successors-in-interest.

11

This Stipulation constitutes the entire agreement between the parties and any prior agreements, understandings, or memoranda shall be merged into this Stipulation and shall not survive its execution.

This Stipulation shall not be changed except by another agreement in writing, signed by all of the parties and their respective counsel.

If any provision of this Stipulation is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Stipulation and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Stipulation.

This Stipulation may be faxed and signed in counterparts and, if so faxed and signed, shall constitute an originally signed Stipulation for all purposes.

**WHEREFORE,** the undersigned subscribe to this Stipulation, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

12

Dated: _July 17, 2007_

_____

SHAYA BOYMELGREEN

STATE OF NEW YORK    )
                     : ss
COUNTY OF _Kings_    )

On this 17 day of July, 2007, before me, the undersigned, appeared Shaya Boymelgreen, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

EDWARD TARASHCHANSKY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01TA6164785
Qualified In Kings County
My Commission Expires April 30, 2011

Dated: _July 17 2007_

BOYMELGREEN DEVELOPERS, LLC.

By: _____

_Jeshayahu Boymelgreen, Authorized Signatory_

STATE OF NEW YORK    )
                     : ss
COUNTY OF _Kings_    )

On this 17 day of July, 2007, before me, the undersigned, appeared Shaya Boymelgreen, an officer of Boymelgreen Developers, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

EDWARD TARASHCHANSKY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01TA6164785
Qualified In Kings County
My Commission Expires April 30, 2011

14

Dated: _July 17, 2007_

RKO PLAZA LLC f/k/a RKO PACIFIC LLC

By: _____

_Jeshyaker Baymdgren, Authorized Signatory_

STATE OF NEW YORK )
                                       : ss
COUNTY OF **KiNGS** )

On this **17** day of July, 2007, before me, the undersigned, appeared Shaya Boymelgreen, an officer of RKO Plaza, LLC, personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

EDWARD TARASHCHANSKY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01TA6164785
Qualified in Kings County
My Commission Expires April 30, 2011

Dated: New York, New York
   /7 ᵗʰ July  , 2007

Herzfeld & Rubin, P.C.
Attorneys for Boymelgreen,
solely as escrow agent, as provided herein:

By: _____
      IAN CERESNEY
40 Wall Street
New York, New York 10005
Tel. (212) 471-8500
Fax (212) 344-3333

Ira D. Tokayer, Esq.
Attorney for RKO Properties, and
solely as escrow agent, as provided herein:

By: _____
      IRA D. TOKAYER
42 West 38ᵗʰ Street, Suite 802
New York, New York 10018
Tel. (212) 695-5250
Fax (212) 695-5450

16

**Exhibit C**

Fidelity Service Company, Inc.
PO Box 770001 Cincinnati, OH 45277 7614

August 21, 2007

Attorney Ronald Nimkoff
Mr. Robert Herskowitz
28 Robert Circle
Syosset, New York 11791-3828

Dear Attorney Nimkoff and Mr. Herskowitz:

I am writing to confirm receipt you Letter Of Instructions dated August 20, 2007, in connection with your account with Fidelity Investments.

Pursuant to the receipt of your letter of instruction, we have permanently restricted your Fidelity account xxx-xx5225. In order for us to remove the restrictions, we require one of the following documents:

1. A clear letter of instructions signed by both of you with signatures guaranteed individually.

2. A currently (within the last 60 days) and originally certified (with raised or colored seal) restraining order, or other process issued by a court of competent jurisdiction.

Please send all future correspondence to Fidelity Investments, Attention: Risk Operations, P.O. Box 770001, Cincinnati, OH 45277-0031. Overnight or certified mail can be sent to Fidelity Investments, Attention: Risk Operations, 100 Crosby Pkwy, KC1D, Covington, KY 41015-0031.

Sincerely,

Mohammad Faisal
Risk Associate

Our File: W036125-20AUG07

Brokerage services provided by Fidelity Brokerage Services LLC, Member NYSE, SIPC.
Fidelity mutual funds distributed through Fidelity Distributors Corporation

