**THELEN REID BROWN RAYSMAN & STEINER LLP**
Michael G. Shannon
Rebecca Brazzano
875 Third Avenue
New York, New York 10022
(212) 895-2000

Attorneys for Defendant Fidelity Brokerage Services LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| NIMKOFF ROSENFELD & SCHECHTER, LLP | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | 07 CV 7983 (DAB) |
| v. | ) | |
| | ) | |
| RKO PROPERTIES, LTD. and | ) | **ANSWER OF FIDELITY** |
| FIDELITY INVESTMENTS, | ) | **BROKERAGE SERVICES LLC** |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT FIDELITY BROKERAGE SERVICES LLC
## TO COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Defendant Fidelity Brokerage Services LLC ("Fidelity"), misnamed in the

Complaint as Fidelity Investments,[1] by its undersigned attorneys, and responds to each numbered

paragraph as follows:

### PARTIES

1.      Fidelity is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the complaint, and therefore denies the same.

2.      Fidelity is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of the complaint, and therefore denies the same.

---

[1]  Fidelity Investments is a trade name, is not a duly organized business entity, and has no subsidiaries or affiliates.
The proper party to this action is Fidelity Brokerage Services LLC.

3.      Denies and further states that Fidelity Investments is a trade name, is not a duly organized business entity, and has no subsidiaries or affiliates, nor is it a corporation organized and existing under the laws of the Commonwealth of Massachusetts. The proper party to this action is Fidelity Brokerage Services LLC, which is a Foreign Limited Liability Company organized under the laws of Delaware with its principal place of business at 82 Devonshire Street, Boston, Massachusetts. Fidelity admits that it is a disinterested stakeholder and currently maintains an account, the right to the contents of which appear to be disputed by the other parties.

JURISDICTION AND VENUE

4.      Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, and therefore denies the same.

5.      Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, and therefore denies the same.

COUNT I

(BREACH OF CONTRACT AS AGAINST RKO)

6.      Fidelity incorporates by reference its responses to paragraphs 1 through 5 as if fully set forth herein.

7.      Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and therefore denies the same.

8.      Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and therefore denies the same.

9.      Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, and therefore denies the same.

10.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, and therefore denies the same.

11.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and therefore denies the same.

12.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, and therefore denies the same.

13.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, and therefore denies the same.

14.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, and therefore denies the same.

15.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint, and therefore denies the same.

16.    Fidelity admits that on August 17, 2007 $1,427,000 was deposited into an account with Fidelity Brokerage Services LLC registered jointly to Ronald A. Nimkoff, Esq. and RKO Properties Ltd. (the "Account"). Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 16 of the complaint, and therefore denies the same.

17.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, and therefore denies the same.

18.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, and therefore denies the same.

19.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, and therefore denies the same.

20.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint, and therefore denies the same.

## COUNT II

### (DECLARATORY JUDGMENT AS AGAINST DEFENDANTS)

21.     Fidelity incorporates by reference its responses to paragraphs 1 through 20 as if fully set forth herein.

22.     Fidelity admits that on August 17, 2007 $1,427,000 was deposited into the Account.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 22 of the complaint, and therefore denies the same.

23.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint, and therefore denies the same.

24.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint, and therefore denies the same.

25.     Fidelity admits that it requires clear letters of instruction from Ronald A. Nimkoff and Robert Herskowitz/RKO Properties or a current originally certified court order to release the funds in the Account. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 25 of the complaint, and therefore denies the same.

26.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, and therefore denies the same.

27.     Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint, and therefore denies the same.

WHEREFORE, Fidelity Brokerage Services LLC, misnamed as Fidelity Investments, requests that the Court issue a Declaratory Judgment as to the proper disposition of the assets in the Account and permit Fidelity to deduct therefrom its costs and expenses, including its attorneys' fees incurred in this proceeding.

THELEN REID BROWN
RAYSMAN & STEINER LLP

By
Michael G. Shannon
Rebecca Brazzano
Attorneys for Fidelity  Brokerage Services LLC
875 Third Avenue
New York, NY 10022-4728
Tel. 212.603-2000

NY1200344