MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct. 23, 2007
```

# IRA DANIEL TOKAYER
ATTORNEY AT LAW
42 WEST 38TH STREET
SUITE 802
NEW YORK, NEW YORK 10018

TEL: (212) 695-5250
FAX: (212) 695-5450



OCT - 9 2007

CHAMBERS OF
DEBORAH A. BATTS
U.S.D.J.

October 9, 2007

BY HAND
Hon. Judge Debra A. Batts
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2510
New Y0rk, New York 10007

    Re:  Nimkoff Rosenfeld & Schechetr, LLP
         v. RKO Properties, Ltd., et al.,
        07 CV 7983 (DAB)

Hon. Judge Batts:

    I am the attorney for defendant RKO Properties Ltd. ("RKO"). On October 8, 2007, I electronically filed a Notice of Appearance with the Court. I write this letter, in accordance with the Court's Individual Practice Rule I(E), to set a definitive date for RKO to answer or otherwise move with respect to the Complaint.

    I am advised that the Complaint was delivered to the Secretary of State on September 18, 2007, although RKO received it much later and due to religious holidays (which as plaintiff is well aware my client strictly observes) was prevented from immediately attending to it. Under Rule 12(a) and 6(a), October 9, 2007, is twenty (20) days from the date the summons was served. However, in my preliminary review, I note that the Summons accompanying the Complaint fails to state the time within which RKO was required to appear and defend as required under Fed. R. Civ. P. 4(a).

    On October 9, 2007, I telephoned Ronald Nimkoff, Esq., a named partner of plaintiff appearing pro se, to make him aware of the deficiency in the Summons, which deficiency RKO has not waived, and to set a date for RKO to respond. I requested thirty (30) days, or until November 8, 2007. Mr. Nimkoff would not grant more than two (2) weeks. I advised him that this was insufficient because I had just been retained as counsel for this

/DAB/ GRANTED 10/23/07

SO ORDERED

*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED

Hon. Judge Debra A. Batts
October 9, 2007
Page 2

matter and, due to the press of other business and as a solo practitioner, I required more time to review the Complaint and prepare a response which will comport with my professional responsibilities to my client and my obligations to this Court. As I advised Mr. Nimkoff, I will be out-of-town for depositions next week. In addition, I have court-ordered October discovery cut-off dates in two other cases and a jury trial commencing on October 29, 2007, among other things.

No previous request for this relief has been made. Mr. Nimkoff has refused to consent to this application for the purported reason that, notwithstanding my representations, in his view the time I have requested is not required. I am constrained to note that Article III(B) of the Standards of Civility attached as Appendix A to the Disciplinary Rules of the New York Code of Professional Responsibility which regulates the conduct of attorneys in New York provides that "upon request coupled with the simple representation by counsel that more time is required, the first request for an extension to respond to pleadings ordinarily should be granted as a matter of courtesy."

I reluctantly burden the Court with this application, which counsel should have been able to resolve without judicial intervention. I am available to conference with the Court at its earliest convenience to discuss this and any other matter.

Very truly yours,

Ira Daniel Tokayer

cc: Ronald Nimkoff, Esq.
    (By Fax)

Court Ltr 01A.wpd