IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Defendant
RKO PROPERTIES, LTD.
42 West 38th Street, Suite 802
New York, New York 10018
(212) 695-5250

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

| | | |
|---|---|---|
| NIMKOFF ROSENFELD & SCHECHTER, LLP, | : | 07 CV 7983 |
| Plaintiff, | : | |
| -against- | : | ANSWER AND COUNTERCLAIMS |
| RKO PROPERTIES, LTD. and FIDELITY INVESTMENTS, | : | AND JURY DEMAND |
| | : | |
| Defendants. | | |

-----------------------------------x

Defendant RKO PROPERTIES, LTD., by its attorney, Ira Daniel Tokayer, Esq., as and for its Answer and Counterclaims to the Complaint herein, alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Admits the allegations contained in Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Denies the allegations contained in Paragraph 4 of the Complaint and, to the extent it calls for a legal conclusion,

it is respectfully submitted this is for the court to determine and no further response is required.

5. Denies the allegations contained in Paragraph 5 of the Complaint and, to the extent it calls for a legal conclusion, it is respectfully submitted this is for the court to determine and no further response is required.

6. With respect to the allegations contained in Paragraph 6 of the Complaint, defendant repeats and realleges the allegations contained in Paragraphs 1 - 5, as if fully set forth herein.

7. Denies the allegations contained in Paragraph 7 of the Complaint, except admits that an agreement was entered into and respectfully refers the Court to the agreement for a full recitation of its terms and conditions and the legal effect thereof.

8. Denies the allegations contained in Paragraph 8 of the Complaint, except admits that documents were executed and the Court is respectfully referred to the agreement for a full recitation of its terms and conditions and the legal effect thereof.

9. Denies the allegations contained in Paragraph 9 of the Complaint, except admits that an agreement was entered into and respectfully refers the Court to the agreement for a full recitation of its terms and conditions and the legal effect thereof.

10. Denies the allegations contained in Paragraph 10 of the Complaint, except admits that an agreement was entered into and respectfully refers the Court to the agreement for a full recitation of its terms and conditions and the legal effect thereof.

11. Denies the allegations contained in Paragraph 11 of the Complaint.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint, except admits that a settlement was reached and the Court is respectfully referred to the documents memorializing the settlement for a full recitation of its terms and conditions and the legal effect thereof.

15. Denies the allegations contained in Paragraph 15 of the Complaint, except admits that a settlement was reached and the Court is respectfully referred to the documents memorializing the settlement for a full recitation of its terms and conditions and the legal effect thereof.

16. Denies the allegations contained in Paragraph 16 of the Complaint, except admits that a payment was made and the

Court is respectfully referred to documents memorializing the payment for the legal effect thereof.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. With respect to the allegations contained in Paragraph 21 of the Complaint, defendant repeats and realleges the allegations contained in Paragraphs 1 - 20, as if fully set forth herein.

22. Denies the allegations contained in Paragraph 22 of the Complaint, except admits that monies were placed in an account at Fidelity pursuant to an agreement between the parties and the Court is respectfully referred to documents memorializing the agreement for a full recitation of its terms and conditions and the legal effect thereof.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, except admits that an agreement was entered into and respectfully refers the Court to the

agreement for a full recitation of its terms and conditions and the legal effect thereof.

    24. Denies the allegations contained in Paragraph 24 of the Complaint.

    25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, to the extent it calls for a legal conclusion, it is respectfully submitted this is for the court to determine and no further response is required.

    26. Denies the allegations contained in Paragraph 26 of the Complaint and, to the extent it calls for a legal conclusion, it is respectfully submitted this is for the court to determine and no further response is required.

    27. Denies the allegations contained in Paragraph 27 of the Complaint and, to the extent it calls for a legal conclusion, it is respectfully submitted this is for the court to determine and no further response is required.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

    28. The Complaint fails, in whole or in part, to state a cause of action.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

    29. The allegations of the Complaint fail to comply with the requirements of Part 137.6 of the Rules of the Chief Administrator.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30.  The fee demanded by plaintiff is unreasonable and excessive and beyond the amount permitted by applicable professional standards, including but not limited to the Code of Professional Responsibility.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31.  Defendant is not responsible for disbursements under the agreement plaintiff seeks to enforce.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32.  Under the agreement plaintiff seeks to enforce, the parties did not agree on the amount to be charged for disbursements and the amount plaintiff charged was unreasonable and excessive and beyond the amount permitted by applicable professional standards, including charges of interest.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33.  Plaintiff failed to provide defendant with an accounting and/or proof of disbursements paid to third-party providers.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34.  The "Recovery" under the agreement plaintiff seeks to enforce must be apportioned between plaintiff, defendant, Robert Herskowitz, a non-party to the underlying action, who to effectuate the "Recovery" was required, <u>inter alia</u>, to release claims and undertake various obligations, and others.

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

35. The agreement plaintiff seeks to enforce was fraudulently procured.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

36. The agreement plaintiff seeks to enforce was modified and superseded.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

37. Plaintiff's claim is barred by the doctrines of waiver and estoppel.

<u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

38. Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

39. Plaintiff's complaint should be dismissed for failure to name an indispensable party.

<u>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>

40. This Court lacks jurisdiction.

<u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>

41. The summons is defective and therefore defendant has not been properly served.

<u>AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>

42. Defendant is barred by a Court Order requested and obtained by plaintiff referring resolution of the issues raised herein to Hon. Justice Kitzes of the Supreme Court of State of New York, County of Queens.

<u>AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE</u>

43.   Defendant is entitled to a set-off pursuant to the counterclaims, which exceed the amounts owed.

<u>AS AND FOR A FIRST COUNTERCLAIM</u>

44.   Defendant repeats and realleges the allegations set forth above as if fully set forth herein.

45.   Defendant retained plaintiff in connection with an action which was pending in New York State Supreme Court.

46.   By virtue of such retention, plaintiff owed defendant a fiduciary duty to, <u>inter alia</u>, perform services in accordance with professional standards.

47.   Plaintiff breached its duty by, <u>inter alia</u>, failing to perform services in accordance with professional standards, failing to act in a competent, diligent and professional manner, incurring unnecessary charges, neglecting deadlines, drafting papers without adequate preparation, providing poor legal advice, providing excessive, unreasonable and, upon information and belief, false bills and then using that as a pretext to extract an excessive and unreasonable contingent fee, accepting and continuing employment although plaintiff's financial interests compromised its exercise of independent professional judgment on behalf of defendant, threatening to cease performing required services unless and until defendant paid charges which were not due at that time, failing to treat defendant's principal with courtesy and consideration by, <u>inter</u>

alia, verbally degrading and abusing him and threatening him with bodily harm, making disparaging remarks and/or displaying disrespect to opposing counsel and the court, failing to seek the lawful objectives of defendant by failing to obey reasonable requests or to deliver defendant's papers and property to defendant and threatening, as a means on extracting the turnover of the monies which are now in the Fidelity Escrow Account, to subject defendant to a harsh and expensive litigation which would cost plaintiff virtually nothing while defendant would incur substantial legal fees, among others things.

48.  Defendants' conduct was wilful, wanton, and performed recklessly and in conscious disregard of defendant's rights.

49.  By reason of the foregoing, defendant has been damaged.

<u>AS AND FOR A SECOND COUNTERCLAIM</u>

50.  Defendant repeats and realleges each of the allegations in the preceding paragraphs as if fully set forth herein.

51.  Plaintiff and defendant entered into an agreement.

52.  Defendant performed all obligations of the agreement on its part to be performed.

53.  Plaintiff breached the agreement.

54.  By reason of the foregoing, defendant has been damaged.

## AS AND FOR A THIRD COUNTERCLAIM

55. Defendant repeats and realleges each of the allegations in the preceding paragraphs as if fully set forth herein.

56. On or about February 3, 2003, at plaintiff's offices, and numerous other times prior thereto, plaintiff through one Ronald Nimkoff represented to defendant through one Robert Herskowitz, <u>inter alia</u>, that it would cost approximately $10,000 to $15,000 to oppose defendant's motion to dismiss and to amend the complaint.

57. The above representations were false, made knowingly or in reckless disregard of the truth, with the intention of deceiving defendant and inducing it to retain plaintiff as counsel. In fact, plaintiff provided a bill to defendant charging approximately $80,000 for the above services.

58. Defendant was not aware of the falsity of the representations, believed the misrepresentations to be true and relied upon, <u>inter alia</u>, the misrepresentations in entering into an agreement with plaintiff.

59. But for the misrepresentations, defendant would not have entered into the agreement with plaintiff and may not have retained plaintiff at all.

60. On or about June 9, 2005, at settlement conference in a courthouse at 140 Grand Street, White Plains, New York, Ronald Nimkoff represented to Robert Herskowitz, <u>inter alia</u>, that

he could and would immediately and unilaterally withdraw from representing defendant unless defendant entered into a revised agreement, which agreement guaranteed plaintiff a fee constituting approximately one-third of any recovery.

61.  In addition, throughout the representation, plaintiff sent defendant bills which, upon information and belief, contained false and excessive charges, which Nimkoff falsely advised Herskowitz constituted a proper lien against the ultimate recovery in the case in the amount thereof.

62.  The above representations were false, made knowingly or in reckless disregard of the truth, with the intention of deceiving defendant and inducing it to enter into a revised agreement with plaintiff.

63.  Defendant was not aware of the falsity of the representations, believed the misrepresentations to be true and relied upon, <u>inter alia</u>, the misrepresentations in entering into a revised agreement with plaintiff without advise of independent counsel.

64.  But for the misrepresentations, defendant would not have entered into the revised agreement at that time with the terms and conditions contained therein.

65.  In addition, in or about May 2006 at plaintiff's offices (during which time Ronald Nimkoff physically threatened Robert Herskowitz), and on other occasions, Ronald Nimkoff represented to Robert Herskowitz, <u>inter alia</u>, that if defendant

relieved him as counsel, notwithstanding any amounts defendant would be required to pay a successor attorney, defendant would still be required to pay plaintiff its full fee consisting of approximately one-third of any recovery.

66. The representations were false, made knowingly or in reckless disregard of the truth, with the intention of deceiving defendant and inducing it to continue using plaintiff as an attorney.

67. Defendant was not aware of the falsity of the representations, believed the misrepresentations to be true and relied upon, <u>inter alia</u>, the misrepresentations in continuing to use plaintiff as an attorney.

68. But for the misrepresentations, defendant would not have continued to use plaintiff as an attorney.

69. Plaintiff's conduct was wilful, wanton, and performed recklessly and in conscious disregard of defendant's rights.

70. By reason of the foregoing, defendant has been damaged.

71. Defendant has no adequate remedy at law.

WHEREFORE, defendant demands judgment dismissing the Complaint herein; and, on the counterclaims, damages in a amount to be determined at trial but in all events not less than $2,000,000 and/or rescission of defendant's agreement with plaintiff; punitive damages; together with the interest, costs

and the disbursements of this action; attorneys' fees as permitted by law; and such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        November 13, 2007

                              _____/s/_____
IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Defendant RKO
PROPERTIES, LTD.
42 West 38th Street, Suite 802
New York, New York 10018
(212) 695-5250

JURY DEMAND

Defendant demands trial by jury on all claims properly triable by a jury.

Dated:  New York, New York
        November 13, 2007

                                              _____/s/_____
                                            IRA DANIEL TOKAYER, ESQ. (IT-4734)
Attorney for Defendant RKO PROPERTIES, LTD.
42 West 38th Street, Suite 802
New York, New York 10018
(212) 695-5250

ANSWER AMENDED.wpd