UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NIMKOFF ROSENFELD & SCHECHTER, LLP,           ECF CASE

                    Plaintiff,

          - against -
                                                  Index No. 07 Civ. 7983 (DAB)
RKO PROPERTIES, LTD. and FIDELITY
INVESTMENTS,

                    Defendants.
-----------------------------------------------------------------X


### THE NIMKOFF FIRM'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS RKO'S COUNTERCLAIMS


Of Counsel:                      TRAUB LIEBERMAN STRAUS &
                                    SHREWSBERRY LLP
Lisa L. Shrewsberry               Mid-Westchester Executive Park
Daniel G. Ecker                   Seven Skyline Drive
                                 Hawthorne, New York 10532
                                 (914) 347-2600
                                 *Attorneys for Plaintiff*
                                 *Nimkoff Rosenfeld & Schechter, LLP*
                                  *on the Counterclaims*


Of Counsel:                      NIMKOFF ROSENFELD & SCHECHTER, LLP
                                 One Pennsylvania Plaza - Suite 2424
Ronald A Nimkoff                 New York, New York *10119*
Steven H. Blatt                  (212) 868-8100
                                 Plaintiff *Pro Se*

## TABLE OF CONTENTS

I.      THE NIMKOFF FIRM'S MEMORANDUM OF
        LAW IN SUPPORT OF ITS MOTION TO DISMISS
        RKO'S COUNTERCLAIMS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        POINT I - -   AS RKO'S FIRST COUNTERCLAIM FAILS TO AVER
                      THAT THE NIMKOFF FIRM'S ACTIONS OR INACTIONS
                      WERE THE PROXIMATE CAUSE OF ANY LOSS THAT IT
                      SUSTAINED, THAT COUNTERCLAIM SHOULD BE DISMISSED  . 4

                A.    RKO's First Cause of Action, Incorrectly Denominated
                      As A Breach of Fiduciary Duty, Properly Sounds Only
                      In Legal Malpractice And, Therefore, Should Be
                      Adjudicated Only As A Legal Malpractice Claim  . . . . . . . . . . . . . . . . . 4

                B.    As RKO's First Counterclaim For Legal Malpractice Fails
                      To Allege Actual Damages Or That Any Of The Nimkoff Firm's
                      Actions Or Inactions Were the Proximate Cause Of Any Loss
                      That RKO Sustained, It Should Be Dismissed  . . . . . . . . . . . . . . . . . . . . 6

        POINT II - -   AS RKO'S SECOND COUNTERCLAIM FOR BREACH
                       OF CONTRACT IS A REDUNDANT PLEADING OF ITS
                       MALPRACTICE CLAIM AND FAILS TO PLEAD FACTS
                       FROM WHICH DAMAGES ATTRIBUTABLE TO THE
                       NIMKOFF FIRM'S CONDUCT MIGHT BE REASONABLY
                       INFERRED, IT TOO SHOULD BE DISMISSED  . . . . . . . . . . . . . . . . . 9

                A.    As RKO'S Second Counterclaim for Breach of Contract Is
                      a Redundant Pleading of its Malpractice Claim, It
                      Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                B.    As RKO'S Second Counterclaim For Breach Of Contract
                      Fails To Plead Facts From Which Damages Attributable
                      To The Nimkoff Firm's Purported Breach Might Be
                      Reasonably Inferred, It Should Be Dismissed  . . . . . . . . . . . . . . . . . . . . 12

        POINT III - -   AS RKO'S THIRD COUNTERCLAIM FOR FRAUD (A)
                        FAILS TO AVER THAT RKO SUFFERED ANY DAMAGES

AS A PROXIMATE RESULT OF ITS RELIANCE ON ANY
PURPORTED NIMKOFF FIRM MISREPRESENTATIONS,
(B) FAILS TO AVER DAMAGES SEPARATE AND DISTINCT
FROM ITS MALPRACTICE CLAIM, (C) FAILS TO PLEAD
FRAUD WITH THE PARTICULARITY THAT FED. R. CIV.
P. 9(b) REQUIRES, (D) IS PREDICATED UPON STATEMENTS
WHICH ARE PROMISSORY IN NATURE AT THE TIME
THEY ARE MADE AND WHICH RELATE TO FUTURE
ACTIONS OR CONDUCT, AND (E) IS PRECLUDED BY
RKO'S EXECUTION OF THE FEE AGREEMENT, IT
SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

A.    As RKO's Third Counterclaim Fails to Aver That It Has Suffered
      Any Damages (i) As A Proximate Result Of Its Supposed Reliance
      On Any Purported Nimkoff Firm Misrepresentation Or (ii) Separate
      and Distinct From The Damages Averred In Its Legal Malpractice
      Claim, It Should be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i.    As RKO's Third Counterclaim Fails To Allege That RKO
      Has Suffered Any Damages As A Proximate Result Of Its
      Supposed Reliance On Any Purported Nimkoff Firm
      Misrepresentations, It Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . 14

ii.   As RKO's Third Counterclaim For Fraud Fails To Allege
      Any Additional Damages, Separate and Distinct from
      Those Generated By The Alleged Malpractice, It Is A
      Redundant Pleading Of The First Counterlaim And Should
      Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

B.    As RKO'S Third Counterclaim Fails To Plead All The
      Elements of Fraud With Particularity, It Should Be Dismissed . . . . . . . 17

i.    RKO's Bald Averments That The Nimkoff Firm's Bills Contained
      False and Excessive Charges, Fall Short Of Compliance with
      Rule 9(b) And, As A Result, The Third Counterclaim Should Be
      Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

ii.   As RKO's Averments Concerning The Nimkoff Firm's
      Purportedly False and Excessive Billings Are Made Upon
      Information And Belief, But Are Not Accompanied By A
      Statement Of The Facts Upon Which the Belief Is Grounded,
      The Third Counterclaim Should Be Dismissed . . . . . . . . . . . . . . . . . . . . 20

C.    As The Third Counterclaim Is Predicated Upon
      Purported Statements That Were Promissory
      In Nature At The Time They Were Made And Which
      Related To Future Actions Or Conduct, It Must Be Dismissed . . . . . . . . 22

D.    As RKO's Execution Of The Fee Agreement Precludes It
      From Making Subsequent Assertions Of Fraudulent
      Inducement Based On Oral Representations, The Third
      Counterclaim For Fraud Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . 23

IV.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## APPENDIX

Appendix A    Answer and Counterclaims, November 8, 2007
Appendix B    Complaint (with exhibits), September 11, 2007

# TABLE OF AUTHORITIES

Cases

*Acito v. IMCERA Group, Inc.*,
   47 F.3d 47 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Amadasu v. Ngati*,
   2006 WL 842456 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*American High-Income Trust v. Alliedsignal*,
   329 F. Supp. 2d 534 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Amodeo v. Kolodny, P.C.*,
   35 A.D.2d 773, 828 N.Y.S.2d 446 (2d Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Arcidiacono v. Maizes & Maizes, LLP*,
   8 A.D.3d 199, 778 N.Y.S.2d 270 (1st Dep't 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Ariel v. Reuters Group PLC*,
   2006 WL 3161467 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Barnett v. Schawartz*,
   2007 WL 4328743 (1st Dep't 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Between the Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Veiner*,
   290 A.D.2d 380, 736 N.Y.S.2d 666 (1st Dep't  2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Blue Water Environmental, Inc. v. Incorporated Village of Bayville, New York*,
   13 Misc.3d 1211, 824 N.Y.S.2d 752 (Sup. Ct. Nassau County 2006) . . . . . . . . . . . . . . . . . 12

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
   98 F. 3d 13 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Brown v. Lockwood*,
   76 A.D.2d 721, 432 N.Y.S.2d 186 (2d Dep't 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Bunker v. Bunker*,
   80 A.D.2d 817, 437 N.Y.S.2d 326 (1st Dep't  1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Burton v. Rogovin*,
   262 A.D.2d 72, 692 N.Y.S.2d 37 (1st Dep't 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Calcutti v. SBU, Inc.*,
    224 F.Supp.2d 691 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 9

*Calligar v. Fradkoff*,
    154 A.D.2d 495, 546 N.Y.S.2d 121 (2d Dep't 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Capstone Enterprises of Port Chester, Inc. v. County of Westchester*,
    262 A.D.2d 343, 691 N.Y.S.2d 574 (2d Dep't 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Cherry v. Decker*,
    280 A.D.2d 867, 720 N.Y.S.2d 415 (3d Dep't 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Chill v. General Elec. Co.*,
    101 F.3d 263 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*DiVittorio v. Equidyne Extractice Indus., Inc.*,
    822 F.2d 1242 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

*Federal Insurance Co. v. North American Specialty Insurance Co.*,
    2007 WL 3306577 (1st Dep't 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fisk v. Letterman*,
    401 F.Supp.2d 362 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Fraternity Fund, Ltd. v. Beacon Hill Asset Management*,
    376 F.Supp.2d 385 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Goldberg v. KZ 72ND*,
    171 A.D.2d 525, 567 N.Y.S.2d 249 (1st Dep't 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Gordon v. Dino De Laurentiis Corporation*,
    141 A.D.2d 435, 529 N.Y.S.2d 777 (1st Dep't 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Harsco Corp. v. Segui*,
    91 F.3d 337 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hawkins-El III v. AIG Savings Bank*,
    2006 WL 2008573 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re Citigroup, Inc. Sec. Litig.*,
    330 F. Supp. 2d 367 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*In Re Crude Oil,*
    2007 WL 1946553 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Keller v. Barry,*
    84 A.D.2d 575, 443 N.Y.S.2d 436 (2d Dep't 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kensington Publishing Corp. v. Kable News Company, Inc.,*
    100 A.D. 2d 802, 474 N.Y.S. 2d 524 (1st Dep't 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Leder v. Spiegel,*
    9 N.Y.3d 836, 840  N.Y.S.2d 888 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Macdiarmid v. ING Bank N.V.,*
    2003 WL 41995 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Magnacoustics, Inc. v. Ostrolenk, Faber, Gerb & Soffen,*
    303 A.D.2d 561, 755 N.Y.S.2d 726 (2d Dep't 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Malmsteen v. Berdon, LLP*
    477 F.Supp.2d 655 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Matusovsky v. Merril Lynch,*
    186 F.Supp. 2d 397 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mecca v. Shang,*
    258 A.D.2d 569, 685 NYS2d 458 (2d Dep't 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Mills v. Polar Molecular Corp.,*
    12 F.3d 1170 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Nebelson v. Carro, Spanbock, Kkaster & Cuiffo,*
    290 A.D.2d 399, 736 N.Y.S.2d 668 (1ST Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Olsen v. Pratt & Whitney Aircraft,*
    136 F.3d 273 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*O'Shea v. Brennan,*
    2004 WL 1118109 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*P. Chimento Co. v. Banco Popular de Puerto Rico,*
    208 A.D.2d 385, 617 N.Y.S.2d 157 (1st Dep't 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Pellegrino v. File,*
    291 A.D.2d 60, 738 N.Y.S.2d 320 (1st Dep't 2002),
    *leave to appeal denied,* 98 N.Y.2d 606, 746 N.Y.S.2d 456 (2002) . . . . . . . . . . . . . . . . . . . . . . . 7

*Philips Credit Corp. v. Regent Health Grp., Inc.,*
    953 F. Supp. 482 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Rapanakis v. Athanasiou,*
    250 A.D.2d 583, 672 N.Y.S.2d 397 (2d Dep't 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Rombach v. Chang,*
    355 F.3d 164 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Roth v. Jennings,*
    489 F.3d 499 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,*
    8 NY3d 438, 835 N.Y.S.2d 534 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schweitzer v. Mulvehill,*
    93 F.Supp.2d 376 (S.D.N.Y 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Senise v. Mackasek,*
    227 A.D.2d 184, 642 N.Y.S.2d 241 (1st Dep't 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Shieldkret v. Park Place Entertainment Corp.,*
    2002 WL 91621 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sofi Classic S.A. de C.V. v. Hurowitz,*
    444 F. Supp. 2d 231 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Sone v. Tsumura,*
    222 A.D.2d 231, 634 N.Y.S.2d 689 (1st Dep't 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Sonnenschine v. Giacomo,*
    295 A.D.2d 287, 744 N.Y.S.2d 396 (1st Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Spinale v. Tenzer Greenblatt, LLP,*
    309 A.D.2d 632, 765 N.Y.S.2d 786 (1st Dep't 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Stern v. General Elec. Co.,*
    924 F.2d 472 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Stroock & Stroock & Lavan v. Beltramini*,
   157 A.D.2d 590, 550 N.Y.S.2d 337 (1st Dep't 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sun Micro Med. Techs. Corp. v. Passport Health Communs., Inc.*,
   2006 U.S. Dist. LEXIS 87772 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Taseff v. Nussbaumer & Clarke, Inc.*,
   298 A.D.2d 877, 747 N.Y.S.2d 621 (4th Dep't  2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Telecom Int'l America v. AT & T Corp.*,
   2000 WL 33650021 (2d Cir.  2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Tortura v. Sullivan Papain Blcok McGrath & Cannavo*,
   21 A.D.3d 1082, 803 N.Y.S.2d 571 (2d Dep't 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Town of North Hempstead v. Winston & Strawn, LLP*,
   28 A.D.2d 746, 814 N.Y.S.2d 237 (2d Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wallace v. Crisman*,
   173 A.D.2d 322, 573 N.Y.S.2d 654 (1st Dep't  1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Weaver v. Chrysler Corporation*,
   172 F.R.D. 96 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*,
   10 A.D.3d 267, 780 N.Y.S.2d 593 (1st Dep't 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Yates v. Genesee County Hospice Foundation, Inc.*,
   299 A.D.2d 900, 750 N.Y.S.2d 727 (4th Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Statutes

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14, 17-21

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

THE NIMKOFF FIRM'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS
RKO'S COUNTERCLAIMS

Plaintiff Nimkoff Rosenfeld & Schechter, LLP ("Plaintiff" or the "Nimkoff Firm") submits

this memorandum of law in support of its motion for an order, pursuant to Fed. R. Civ. P. 12(b)(6)

and 9(b), dismissing the counterclaims[1] of defendant RKO Properties, Ltd. ("Defendant" or "RKO")

for failure to state a cause of action and failure to plead fraud with particularity.

Statement Of Facts

RKO was the plaintiff in an antecedent action in New York State Supreme Court entitled

*RKO Properties v. Shaya Boymelgreen et al.*, Index No. 29822/02 (N.Y. Sup. Ct., Queens County)

(the "Boymelgreen Action").  Appendix A at ¶ 2.  Although failing to identify the Boymelgreen

Action by name, RKO alleges that it retained the Nimkoff Firm in connection with an action that was

pending in New York State Supreme Court.  *Id*. at  ¶ 44.

By agreement dated February 5, 2003 (the "Prior Agreement"), RKO retained the Nimkoff

Firm as its counsel in the Boymelgreen Action. Appendix B at ¶ 7.[2]

By agreement dated April 7, 2005 and executed on June 9, 2005 (the "Fee Agreement"),

RKO and the Nimkoff Firm amended the terms of the Prior Agreement through which RKO had

---

[1]  A copy of RKO's answer and counterclaims dated November 8, 2007 (the "Answer and
Counterclaims") is attached as Appendix A to this memorandum of law and a copy of the Nimkoff
Firm's complaint dated September 11, 2007 (the "Complaint") is attached, with exhibits, as
Appendix B to this memorandum of law.

[2]  Although somehow denying the Nimkoff Firm's averment that "[b]y agreement dated
February 5, 2003 (the "Prior Agreement"), RKO retained the Nimkoff Firm as its counsel in the
Boymelgreen Action" (Complaint, Appendix B at ¶ 7), RKO "admits that an agreement was entered
into and respectfully refers the Court to the agreement for a full recitation of its terms and conditions
and the legal effect thereof." *Id.*

retained the Nimkoff Firm as its counsel in the Boymelgreen Action. Appendix B at Exhibit A.[3]  In

the Fee Agreement, RKO agreed, among other things, that, if its recovery in the Boymelgreen Action

exceeded $865,896.00, it would pay the Nimkoff Firm a fee equal to one-third of (RKO's recovery

less the amount it had paid to the Nimkoff Firm for disbursements) (the "Contingency Fee").[4]

On or about July 17, 2007, RKO entered into a stipulation of settlement (*see* the "Stipulation

of Settlement" at 4, a copy of which is attached as Exhibit B to Appendix B) with the defendants in

the Boymelgreen Action, which, *inter alia*, required the payment to RKO of $4.25 million in

---

[3]   Although somehow denying the Nimkoff Firm's averments that, through the Fee Agreement "RKO and the Nimkoff Firm amended the Prior Agreement through which RKO had retained the Nimkoff Firm as its counsel in the Boymelgreen Action" (Exhibit A to Appendix B at Exhibit A, at ¶ 8 ), RKO admits the execution of the Prior Agreement and the Fee Agreement and refer[s] [the Court] to the [Fee A]greement for a full recitation of its terms and conditions and the legal effect thereof." Appendix A at ¶ 8. Thus, the Court should consider the documents attached to the Complaint as exhibits, which are incorporated by reference in the Answer and Counterclaims, in determining this motion to dismiss.  *See Matusovsky v. Merril Lynch*, 186 F.Supp. 2d 397 (S.D.N.Y. 2002) ("[A] court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading."); *Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ("In certain circumstances, the court may permissibly consider documents other than the complaint [or counterclaims] in ruling on a motion under Rule 12(b)(6).  Documents that are attached to the complaint [or counterclaims] or incorporated in it by reference are deemed part of the pleading and may be considered."), *See also Ariel v. Reuters Group PLC*, 2006 WL 3161467 (S.D.N.Y. 2006) ("[W]here allegations set out in the complaint are contradicted by other matters asserted or by materials attached to or incorporated by reference in the complaint, the court is not obliged to credit the allegations in the complaint.") (citations omitted); *Fisk v. Letterman*, 401 F.Supp.2d 362 (S.D.N.Y. 2005) ("The Court, however, is not obligated to reconcile plaintiff's own pleadings that are contradicted by other means asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint [or counterclaim.]").

[4]   Although somehow denying the averments contained in paragraph 9 of the Complaint that RKO agreed (in the Fee Agreement), among other things, that, if its recovery in the Boymelgreen Action exceeded $865,896.00, it would pay the Nimkoff Firm a fee equal to one-third of (RKO's recovery less the amount it had paid to the Nimkoff Firm for disbursements), RKO admits that it executed the Fee Agreement (Complaint, Appendix B at Exhibit A) and "respectfully refers the Court to the agreement for a full recitation of its terms and conditions and the legal effect thereof." Appendix A at ¶ 9.

settlement funds (the "Settlement Funds") by August 14, 2007.[5]    Pursuant to the terms of the Stipulation of Settlement as modified by the state court's orders, $2,823,000 of the Settlement Funds were paid directly to RKO and $1,427,000 of the Settlement Funds were deposited into an interest-bearing escrow account maintained by nominal defendant Fidelity Investments ("Fidelity") (subject to resolution of the Nimkoff Firm's claim to such funds) and the Boymelgreen Action was discontinued.[6]

While voluntarily settling the Boymelgreen Action for $4.25 million, RKO, through only the height of avarice, seeks to deny the Nimkoff Firm its rightful fee (or any fee) and, through its Answer and Counterclaims, purports to assert claims against the Nimkoff Firm sounding in legal malpractice, breach of fiduciary duty, breach of contract and fraud.

---

[5]  Although somehow denying the averments contained in paragraph 14 of the Complaint that, on or about July 17, 2007, RKO entered into the Stipulation of Settlement with the defendants in the Boymelgreen Action, which, *inter alia*, required the payment to RKO of $4.25 million in Settlement Funds by August 14, 2007, RKO admits that a settlement was reached and referred the Court "to the documents memorializing the settlement (Complaint, Appendix B at Exhibit B) for a full recitation of its terms and conditions and the legal effect thereof." Appendix A at ¶ 15.

[6]  Although somehow denying the averments contained in paragraphs 16 and 22 of the Complaint that, pursuant to the terms of the Stipulation of Settlement as modified by the state court's orders, $2,823,000 of the Settlement Funds were paid directly to RKO and $1,427,000 of the Settlement Funds were deposited into an interest-bearing escrow account maintained by Fidelity (subject to resolution of the Nimkoff Firm's claim to such funds), RKO admits that "monies were placed in an account at Fidelity pursuant to an agreement between the parties [*i.e.,* the Stipulation of Settlement, Appendix B at Exhibit B) and refer[s] [the Court] to documents memorializing that agreement [(*id.*)] for a full recitation of its terms and conditions and the legal effect thereof." Appendix A at ¶¶ 16 and 22.

<u>Argument</u>

POINT I

AS RKO'S FIRST COUNTERCLAIM FAILS TO AVER
THAT THE NIMKOFF FIRM'S ACTIONS OR INACTIONS
WERE THE PROXIMATE CAUSE OF ANY LOSS THAT IT
SUSTAINED, THAT COUNTERCLAIM SHOULD BE DISMISSED

A.    RKO's First Cause of Action, Incorrectly Denominated
       As A Breach of Fiduciary Duty, Properly Sounds Only
       In Legal Malpractice And, Therefore, Should Be
       <u>Adjudicated Only As A Legal Malpractice Claim</u>

"On a motion to dismiss, a court must look to the essence of each claim and not merely
the form in which it is pleaded." *Calcutti v.  SBU, Inc.*, 224 F.Supp.2d 691 (S.D.N.Y. 2002). *See
also Malmsteen v. Berdon, LLP*, 477 F.Supp.2d 655 (S.D.N.Y. 2007) ("Under New York law, the
Court looks 'to the essence of plaintiff's claim and not to the form in which it is pleaded.'")
(citations omitted).

Here, Plaintiff's first counterclaim alleges, among other things, that RKO retained the
Nimkoff Firm in connection with an action that was pending in New York State Supreme Court
(Appendix A at ¶ 44) and that the Nimkoff Firm owed RKO a duty to perform services in
accordance with professional standards. *Id*. at ¶ 45.

RKO further alleges, among other things,  that the Nimkoff Firm failed to perform
services in accordance with professional standards, failed to act in a competent, diligent and
professional manner, neglected deadlines, drafted papers without adequate preparation, and
provided poor legal advice.  *Id.* at ¶ 46.

Although RKO's first counterclaim is couched as a claim for breach of fiduciary duty, the
essence of the allegations contained therein clearly sound in legal malpractice. *See Spinale v.*

4

*Tenzer Greenblatt, LLP*, 309 A.D.2d 632, 765 N.Y.S.2d 786 (1ˢᵗ Dep't 2003) ("In determining the applicable statutory period, the reality and essence of a cause of action, rather than what its proponent has named it, governs. Although plaintiffs pleaded causes of action nominally for restitution and unjust enrichment, those causes are based on the same allegations as their causes for legal malpractice. Accordingly, plaintiffs' causes are governed by the three-year limitations period for legal malpractice and, as such, are time-barred.") (Citations omitted); *Burton v. Rogovin*, 262 A.D.2d 72, 692 N.Y.S.2d 37 (1ˢᵗ Dep't 1999) ("[P]laintiff's claims, some of which are denominated as breach of contract claims, sound in legal malpractice and tortious interference with contract."); *Keller v. Barry*, 84 A.D.2d 575, 443 N.Y.S.2d 436 (2d Dep't 1981) ("[P]laintiff's second cause of action which, although denominated a cause of action for breach of contract, appears to fall more clearly within the classical definition of legal malpractice.") (citations omitted); *Calcutti v. SBU, Inc.*, 224 F.Supp.2d 691 (S.D.N.Y. 2002) ("Legal malpractice, as opposed to ordinary negligence, is the appropriate cause of action to bring against an attorney who allegedly performed his/her professional duties negligently."); *Bunker v. Bunker*, 80 A.D.2d 817, 437 N.Y.S.2d 326 (1ˢᵗ Dep't 1981) ("The defendant's claim against the third-party defendant is for legal malpractice, not indemnification [as plead by defendant], and therefore, the three year limitations period applies.").

In sum, RKO should not be permitted to avoid pleading (and subsequently proving) the elements of a cause of action sounding in legal malpractice because it has incorrectly delineated its first counterclaim as one for breach of fiduciary duty. Accordingly, and as shown below, because RKO has failed to allege actual damages or that the Nimkoff Firm's actions or inactions were the proximate cause of any loss that it sustained, its counterclaim for legal malpractice

5

should be dismissed.

      B.     As RKO's First Counterclaim For Legal Malpractice Fails
              To Allege Actual Damages Or That Any Of The Nimkoff Firm's
              Actions Or Inactions Were the Proximate Cause Of Any Loss
              That RKO Sustained, It Should Be Dismissed

Pursuant to well settled New York law, "an action for legal malpractice requires proof of three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and proof of actual damages." *Between the Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Veiner*, 290 A.D.2d 380, 736 N.Y.S.2d 666 (1st Dep't 2002). *See also, e.g., Federal Insurance Co. v. North American Specialty Insurance Co.*, 2007 WL 3306577 (1st Dep't 2007) ("To state a cause of action for legal malpractice, a complaint must allege the negligence of the attorney, that the negligence was a proximate cause of the loss sustained, and actual damages."). The most recent cases emanating "from the New York State Court of Appeals . . . require proof that, [to state a claim for legal malpractice the pleading must allege that] 'but for' the negligence of the defendant-attorney, the plaintiff-client would have prevailed in the underlying action (in a classic lawsuit-within-a-lawsuit scenario) or would not have incurred damages (in an action alleging negligent advice, etc.)." *Barnett v. Schawartz*, 2007 WL 4328743 (1st Dep't 2007). *See also, Leder v. Spiegel,* 9 N.Y.3d 836, 840 N.Y.S.2d 888 (2007) ("In order to sustain a legal malpractice claim, a plaintiff must establish both that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession which results in actual damages to a plaintiff, and that the plaintiff would have succeeded on the merits of the underlying action 'but for' the attorney's negligence.") (citations omitted); *Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 835 N.Y.S.2d 534 (2007) ("To establish causation [in a legal

malpractice action], a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence.").

Here, RKO has utterly failed to plead the "but for" and "proximate cause" requirements necessary to state a claim for legal malpractice.  While RKO sets forth a laundry list of supposed actions or inactions that purportedly demonstrates the failure of the Nimkoff Firm to perform its services in accordance with professional standards (Appendix A at ¶ 46), nowhere does RKO, which voluntarily settled the Boymelgreen Action for $4.25 million (*see* Exhibit B to Appendix B), allege that it suffered any loss that it would not have suffered "but for," and as a proximate result of, the Nimkoff Firm's supposed improper actions or inactions.  Simply stated, RKO's failure to plead that it suffered damages that it would not have suffered "but for," and as a proximate result of, the Nimkoff Firm's supposed actions or inactions, requires dismissal of its first counterclaim sounding in legal malpractice.  As New York's Appellate Division has unequivocally pronounced:

> In order to survive dismissal, the complaint must show that but for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages so that a failure to establish proximate cause requires dismissal regardless whether negligence is established. Even if counsel improperly advises the client, the advice is not the proximate cause of the harm if the client cannot demonstrate its own likelihood of success absent such advice. [Furthermore,] conclusory allegations of damages also are insufficient.

*Pellegrino v. File*, 291 A.D.2d 60, 738 N.Y.S.2d 320 (1st Dep't 2002), *leave to appeal denied*, 98 N.Y.2d 606, 746 N.Y.S.2d 456 (2002) (citations omitted). *See also, Stroock & Stroock & Lavan v. Beltramini*, 157 A.D.2d 590, 550 N.Y.S.2d 337 (1st Dep't 1990) ("[W]ithout merit is defendant's counterclaim for legal malpractice. Notably absent is the requisite allegation that she would have prevailed in the underlying action but for her attorneys' malpractice."); *Between the Bread Realty*

*Corp. v. Salans Hertzfeld Heilbronn Christy & Veiner*, 290 A.D.2d 380, 736 N.Y.S.2d 666 (1st Dep't 2002) ("[P]laintiff has failed to establish that it incurred any damages as the result of defendants' purported negligence."); *Magnacoustics, Inc. v. Ostrolenk, Faber, Gerb & Soffen*, 303 A.D.2d 561, 755 N.Y.S.2d 726 (2d Dep't 2003) ("[P]laintiff must establish that the attorney's negligence was a proximate cause of the loss sustained, that the plaintiff incurred actual damages as a direct result of the attorney's actions or inaction, and that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action or would not have sustained any damages. Here, the plaintiffs failed to demonstrate that, but for the defendants' alleged negligence, they would have accepted the offer of settlement and would not have sustained any damages. Accordingly, the Supreme Court should have granted that branch of the defendants' motion . . . dismissing the plaintiffs' malpractice claim . . . .") (citations omitted).        Moreover, even in the event that RKO's first counterclaim is somehow held to be correctly cast (by RKO) as one for breach of fiduciary duty, which it should not, that counterclaim should still be dismissed. Regardless of whether this counterclaim is labeled as one for breach of fiduciary duty or for legal malpractice, RKO has failed to plead all of the requisite elements for either claim because claims sounding in legal malpractice and breach of fiduciary duty are "coextensive." *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 271, 780 N.Y.S.2d 593, 596 (1st Dep't 2004).  As the Appellate Division, First Department stated in *Weil, Gotshal*:

> The [lower] court erred in holding that the "but for" standard of causation, applicable to a legal malpractice claim, does not apply to the claim for breach of fiduciary duty. Instead, it applied the less rigorous "substantial factor" causative standard. **We have never differentiated between the standard of causation [required] for a claim of legal malpractice and one for breach of fiduciary duty in the context of attorney liability. The claims are co-extensive. Under New York law, to establish the elements of proximate cause and actual damages, where the injury is the value of the claim lost, the**

8

> **client must meet the "case within a case" requirement, demonstrating that "but for" the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages**."

*Id.* (Emphasis added).

Accordingly, as the standard of causation for a claim sounding in breach of fiduciary duty is the same as one sounding in legal malpractice, RKO's first counterclaim, whether analyzed as sounding in legal malpractice or breach of fiduciary, should be dismissed because of the failure of RKO (which voluntarily agreed to settle the Boymelgreen Action for $4.25 million *(see* Exhibit B to Appendix B)) to allege that, but for, and as a proximate result of, the actions or inactions of the Nimkoff Firm, it suffered damages.

POINT II

AS RKO'S SECOND COUNTERCLAIM FOR BREACH
OF CONTRACT IS A REDUNDANT PLEADING OF ITS
MALPRACTICE CLAIM AND FAILS TO PLEAD FACTS
FROM WHICH DAMAGES ATTRIBUTABLE TO THE
NIMKOFF FIRM'S CONDUCT MIGHT BE REASONABLY
INFERRED, IT TOO SHOULD BE DISMISSED

A.    As RKO'S Second Counterclaim for Breach of Contract Is a Redundant
Pleading of its Malpractice Claim, It Should Be Dismissed

"[A] breach of contract claim against an attorney based on a retainer agreement may be sustained only where the attorney makes an express promise in the agreement to obtain a specific result and fails to do so." *Calcutti v.  SBU, Inc.*, 224 F.Supp.2d 691 (S.D.N.Y. 2002).  "When there is no specific promise in the contract that plaintiff claims defendant breached, the breach of contract claim is a 'redundant pleading of a malpractice claim' and should be dismissed."  *Id.* (Citations omitted).  *See also, Amadasu v.  Ngati*, 2006 WL 842456 (E.D.N.Y. 2006) ("[U]nder

9

New York law, where no express promise was made in a retainer agreement to obtain a specific

result, a breach of contract claim is a redundant pleading of a legal malpractice claim.") (citations

omitted);  *Schweitzer v. Mulvehill*, 93 F.Supp.2d 376 (S.D.N.Y 2000)  ("[If a] contract claim is

nothing but a redundant pleading of a timely malpractice claim, it should be dismissed as

duplicative.");  *O'Shea v. Brennan*, 2004 WL 1118109 (S.D.N.Y. 2004) ("[U]nder New York

law, where no express promise was made in a retainer agreement to obtain a specific result, a

breach of contract is redundant pleading of a legal malpractice claim."); *Senise v. Mackasek*, 227

A.D.2d 184, 642 N.Y.S.2d 241 (1st Dep't 1994) ("The second cause of action for breach of

contract was also properly dismissed since the cause of action, as pleaded, did not rest upon a

particular or assured result . . . and only claimed a breach of general professional standards . . .

which is viewed as a 'redundant pleading of a malpractice claim.'") (citations omitted).

　　　Here, RKO's second counterclaim for breach of contract merely alleges that (a) RKO and

the Nimkoff Firm entered into an agreement (*i.e.*, the Fee Agreement), (b) RKO performed all

obligations of the agreement on its part to be performed and (c) the Nimkoff Firm breached the

agreement. Appendix A at ¶¶ 50-52. There is no averment that, in the Fee Agreement, the

Nimkoff Firm made any express promise to obtain a specific result or any averment that the

Nimkoff Firm failed to obtain such a promised result.[7]

　　　In fact, RKO's second counterclaim merely "repeats and realleges" the averments set

forth in its first counterclaim for legal malpractice (or breach of fiduciary duty).  Accordingly,

---

[7] In fact, as the Court properly has the Fee Agreement (Exhibit A to Appendix B) before it
(see footnote 3, *supra*), it can see for itself that the Nimkoff Firm did not promise RKO that it would
obtain any particular result for it.

there can be no dispute that the second counterclaim for breach of contract merely avers the same

operative facts as the first counterclaim, is redundant and duplicative of that claim, and therefore,

should be dismissed. *See Sonnenschine v. Giacomo*, 295 A.D.2d 287, 744 N.Y.S.2d 396 (1st

Dep't 2002) ("Plaintiff's remaining causes of action for breach of contract and fiduciary duty . . .

allege the same operative facts as the cause of action for legal malpractice, and accordingly, were

also properly dismissed for failure to state a cause of action."); *Nebelson v. Carro, Spanbock,*

*Kkaster & Cuiffo*, 290 A.D.2d 399, 736 N.Y.S.2d 668 (1ST Dep't 2002) (Appellate Division

modified lower court's ruling "solely to dismiss the redundant claims for breach of contract and

breach of fiduciary duty, which are predicated on the same allegations and seek relief identical to

that sought in the malpractice cause of action."); *Amodeo v. Kolodny, P.C.*, 35 A.D.2d 773, 828

N.Y.S.2d 446 (2d Dep't 2006) ("The plaintiff's remaining cause of action, alleging breach of

contract, should have been dismissed as it was duplicative of the legal malpractice claim and

arose from the same facts as that claim."); *Cherry v. Decker*, 280 A.D.2d 867, 720 N.Y.S.2d 415

(3d Dep't  2001) ("As the breach of contract claim is a redundant pleading of the malpractice

claim, we conclude that Supreme Court erred in failing to dismiss such claim."); *Town of North*

*Hempstead v. Winston & Strawn, LLP*, 28 A.D.2d 746, 814 N.Y.S.2d 237 (2d Dep't 2006)

([Where the] "breach of contract and fiduciary duty claims arose from the same facts and did not

allege distinct damages, they should be dismissed, as a matter of law, as duplicative of the legal

malpractice claim."); *Tortura v. Sullivan Papain Blcok McGrath & Cannavo*, 21 A.D.3d 1082,

803 N.Y.S.2d 571 (2d Dep't 2005) ("Supreme Court properly dismissed the plaintiff's cause of

action alleging breach of contract because it was duplicative of the legal malpractice cause of

action and arose from the same facts as that claim.")

B.    As RKO'S Second Counterclaim For Breach Of Contract Fails To Plead
Facts From Which Damages Attributable To The Nimkoff Firm's
<u>Purported Breach Might Be Reasonably Inferred, It Should Be Dismissed</u>

In any event, even if this Court concludes that the second counterclaim for breach of

contract is not duplicative of the first counterclaim for legal malpractice (or breach of fiduciary

duty), as it should, RKO's contract claim is fatally flawed for the same reason that its first

counterclaim cannot stand.  "The elements of a cause of action for breach of contract are (1) the

existence of a contract; (2) performance by plaintiff; (3) breach by defendant; and (4) damages."

*Blue Water Environmental, Inc. v. Incorporated Village of Bayville, New York*, 13 Misc.3d 1211,

824 N.Y.S.2d 752 (Sup. Ct. Nassau County 2006).  Here, the second counterclaim sounding in

breach of contract does not aver in any way, shape or form how the Nimkoff Firm's alleged

breach caused RKO any damage or injury.  Indeed, the second counterclaim merely contains a

boilerplate averment that "[b]y reason of the foregoing [breach], [RKO] has been damaged."

Appendix A at ¶ 52.  However, "mere allegations of breach of contract are not sufficient to

sustain a complaint, and the pleadings must set forth facts showing the damage upon which the

action is based." *Gordon v. Dino De Laurentiis Corporation*, 141 A.D.2d 435, 529 N.Y.S.2d 777

(1st Dep't 1988) ("Moreover, the complaint is fatally deficient because it does not demonstrate

how the defendant's alleged breach of the confidentiality agreement caused plaintiffs any injury.

The complaint contains only boilerplate allegations of damage. In the absence of any allegations

of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a

complaint [or counterclaim], and the pleadings must set forth facts showing the damage upon

which the action is based.").  *See also Arcidiacono v. Maizes & Maizes*, LLP, 8 A.D.3d 199, 778

N.Y.S.2d 270 (1st Dep't 2004) ("Plaintiff's claims for breach of contract, breach of duty,

12

malpractice and negligence were properly dismissed by reason of their failure to allege any basis for an award of damages.") (citations omitted).

As RKO's second counterclaim for breach of contract fails to plead any basis for an award of damages, it should be dismissed.

POINT III

AS RKO'S THIRD COUNTERCLAIM FOR FRAUD (A) FAILS TO AVER
THAT RKO SUFFERED ANY DAMAGES AS A PROXIMATE RESULT
OF ITS RELIANCE ON ANY PURPORTED NIMKOFF FIRM
MISREPRESENTATIONS, (B) FAILS TO AVER DAMAGES SEPARATE
AND DISTINCT FROM ITS MALPRACTICE CLAIM, (C) FAILS TO
PLEAD FRAUD WITH THE PARTICULARITY THAT FED. R. CIV. P.
9(b) REQUIRES, (D) IS PREDICATED UPON STATEMENTS WHICH
ARE PROMISSORY IN NATURE AT THE TIME THEY ARE MADE
AND WHICH RELATE TO FUTURE ACTIONS OR CONDUCT, AND (E)
IS PRECLUDED BY RKO'S EXECUTION OF THE FEE AGREEMENT,
IT SHOULD BE DISMISSED

    A.    As RKO's Third Counterclaim Fails to Aver That It Has
Suffered Any Damages (i) As A Proximate Result Of Its
Supposed Reliance On Any Purported Nimkoff Firm
Misrepresentation Or (ii) Separate and Distinct From The
Damages Averred In Its Legal Malpractice Claim, It Should be
Dismissed

    i.    As RKO's Third Counterclaim Fails To Allege That
RKO Has Suffered Any Damages As A Proximate
Result Of Its Supposed Reliance On Any Purported
Nimkoff Firm Misrepresentations, It Should Be
Dismissed

In order to state a claim for fraud under New York law, it must be alleged that: "1) the

defendant made a material false representation, 2) the defendant intended to defraud the plaintiff

thereby, 3) the plaintiff reasonably relied upon the representation, and 4) the plaintiff suffered

damage as a result of such reliance." *Bridgestone/Firestone, Inc. V. Recovery Credit Servs., Inc.,*

98 F. 3d 13, 19 (2d Cir. 1996) (internal quotations and citations omitted); *American High-Income*

*Trust v. Alliedsignal,* 329 F. Supp. 2d 534, 544 (S.D.N.Y. 2004) ("To state a claim of common law

fraud under New York law, a plaintiff must agree that: (1) the defendant made a material false

representation, (2) with the intent to defraud the plaintiff, (3) the plaintiff reasonably relied upon the

14

representation, and (4) the plaintiff suffered damage as a result of such reliance.") (footnote omitted).

Here the third counterclaim for fraud should be dismissed because, as with its first two counterclaims, RKO has failed to allege that it suffered any damages as a result of its supposed reliance on any purported Nimkoff Firm misrepresentation. In fact, not only has RKO failed to state any allegations identifying exactly how it has been damaged by the purportedly fraudulent conduct of the Nimkoff Firm, **there are no facts alleged by RKO from which any properly recoverable damages may even be inferred.** *See Kensington Publishing Corp. v. Kable News Company, Inc.,* 100 A.D. 2d 802, 474 N.Y.S. 2d 524 (1st Dep't 1984) (Plaintiff's cause of action alleging fraudulent representation by defendant dismissed because there were "no facts . . . alleged [by plaintiff] from which any properly recoverable damages may [even] be inferred.").

In fact, in an utterly conclusory manner, RKO merely alleges, as the last averment contained in its third counterclaim, that "[b]y reason of the foregoing, [RKO] has been damaged." Appendix A at ¶ 69. However, this bare bones allegation is legally insufficient to allege the injury or damages element of a fraud claim. *See Shieldkret v. Park Place Entertainment Corp.,* 2002 WL 91621 (S.D.N.Y. 2002) ("[Plaintiff] fails to allege an injury with respect to her fraud claim. She merely states that [one of the defendant's] 'false statements caused Plaintiff's damages to be determined at trial.'"); *Weaver v. Chrysler Corporation,* 172 F.R.D. 96 (S.D.N.Y. 1997) ("Accepting the factual allegations in the amended complaint as true and drawing all inferences in favor of the Plaintiff, the Court finds that Plaintiff has failed to state a claim for fraud . . . because he has not sufficiently pleaded damages."); *Hawkins-El III v. AIG Savings Bank*, 2006 WL 2008573 (E.D.N.Y. 2006) ("The failure of any single element [of a fraud claim] will void the claim. Plaintiffs' claim fails under New York [law] as they have failed to demonstrate that the alleged fraud went to any material

term of the contract or that they suffered any damages from defendant's conduct.") (citations omitted); *Wallace v. Crisman*, 173 A.D.2d 322, 573 N.Y.S.2d 654 (1st Dep't 1991) ("The cause of action for fraud fails to meet the pleading requirements . . . Plaintiff did not adequately . . . *set forth factual details showing specific damages resulting from alleged misrepresentations.").* (Emphasis added).

Accordingly, as RKO has failed to sufficiently allege that it has suffered any damages as a proximate result of its supposed reliance on any purported Nimkoff Firm misrepresentations, RKO's third counterclaim for fraud should be dismissed.

> ii.    As RKO's Third Counterclaim For Fraud
>        Fails To Allege Any Additional Damages,
>        Separate and Distinct from Those Generated
>        By The Alleged Malpractice, It Is A Redundant Pleading
>        Of The First Counterclaim And Should Be Dismissed

In the event that this Court does not dismiss the third counterclaim on the grounds that RKO has failed to allege that it has suffered any damages as a proximate result of its supposed reliance on any purported Nimkoff Firm misrepresentations, it should be dismissed because the third counterclaim fails to allege any additional damages, separate and distinct from those supposedly arising from the Nimkoff Firm's alleged legal malpractice and is, therefore, redundant of the first counterclaim. When "a fraud claim is asserted in connection with charges of professional malpractice, it is sustainable only to the extent that it is premised upon one or more affirmative misrepresentations which have caused additional damages, separate and distinct from those generated by the alleged malpractice." *Taseff v. Nussbaumer & Clarke, Inc.*, 298 A.D.2d 877, 747 N.Y.S.2d 621 (4th Dep't 2002) (citations omitted). Here, the crux of RKO's third counterclaim for fraud is that the Nimkoff Firm, through its purported misrepresentations, somehow induced RKO

to sign a retainer agreement (*id*. at ¶ 56), revise the original retainer agreement *(id*. at ¶ 61) and (c) continue to use the Nimkoff Firm as its counsel. *Id*. at ¶ 65. However, the unidentified and unexplained damages purportedly flowing from these averments are not separate or distinct from the damages averred by RKO in its first counterclaim sounding in legal malpractice.

Since the damages purportedly suffered by RKO as a result of the Nimkoff Firm's supposed misrepresentations, which form the basis of RKO's third counterclaim for fraud, are duplicative of the those alleged by RKO in its first counterclaim sounding in legal malpractice, the fraud counterclaim should be dismissed. *See Yates v. Genesee County Hospice Foundation, Inc.*, 299 A.D.2d 900, 750 N.Y.S.2d 727 (4th Dep't 2002) ("The claim for fraud brought by [plaintiff] . . . is also legally insufficient because the alleged fraud did not occur separately from or subsequent to the alleged malpractice, nor did it give rise to damages separate and distinct from those flowing from the alleged malpractice."); *Mecca v. Shang*, 258 A.D.2d 569, 685 NYS2d 458 (2d Dep't 1999) ("[T]he court did not err in dismissing Dr. Mecca's breach of fiduciary duty and fraud claims, since they arise from the same facts as his legal malpractice claim and do not allege distinct damages .").

      B.    As RKO'S Third Counterclaim Fails To Plead All The
               Elements of Fraud With Particularity, It Should Be Dismissed

          i.RKO's Bald Averments That The Nimkoff Firm's Bills Contained
           False and Excessive Charges, Fall Short Of Compliance with
           Rule 9(b) And, As A Result, The Third Counterclaim Should Be Dismissed

Pursuant to Fed. R. Civ. P. 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed R. Civ. P. 9(b). The Second Circuit has read Rule 9(b) to require a complaint alleging fraud to: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and

when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004), quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). The pleading at issue must be sufficiently particular to serve the goals of Rule 9(b), which are, "(1) to provide a defendant with fair notice of the claims against it, (2) to protect a defendant from harm to its reputation or goodwill by unfounded allegations of fraud, and (3) to reduce the number of strike suits." *Sun Micro Med. Techs. Corp. v. Passport Health Communs., Inc.*, 2006 U.S. Dist. LEXIS 87772, 29-31 (S.D.N.Y. 2006), citing *DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (further citations omitted). *See also, In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367, 379 (S.D.N.Y. 2004) ("The Complaint must also be dismissed because Plaintiff has failed to plead its allegations of fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. The Second Circuit has interpreted Rule 9(b) to require that a complaint making allegations of fraud must (1) specify the fraudulent statements; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent.").

Here, the third counterclaim against the Nimkoff Firm fails to plead fraud with the particularity that Fed. R. Civ. P. 9(b) requires. For example, RKO alleges that "throughout the [Nimkoff Firm's] representation [of RKO, the Nimkoff Firm] sent [RKO] bills which, upon information and belief, contained false and excessive charges." Appendix A at ¶ 60. This allegation, however, fails to identify or specify any such purportedly fraudulent charges, including the date of any such charge or the manner in which they were fraudulent. Accordingly, RKO has failed to satisfy the particular and elevated requirements of its claim for fraud, warranting its dismissal.

Among the policy goals that Rule 9(b) promotes are "to provide a defendant with fair notice

18

of plaintiff's claim" and "to safeguard a defendant's reputation from 'improvident charges of wrongdoing.'" *Harsco Corp. v. Segui*, 91 F.3d 337 (2d Cir. 1996) (quoting *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995)). Here, the averments set forth in the third counterclaim concerning the Nimkoff Firm's "bills which, upon information and belief,[8] contained false and excessive charges" (Appendix A at ¶ 60), fail to provide the Nimkoff Firm with fair notice of RKO's fraud claim, and consequently, the third counterclaim "falls far short of" compliance with Rule 9(b). Thus, if this Court does not dismiss the third counterclaim for failure to state a claim (as it should), then it should dismiss it for failure to plead fraud with the particularity that Fed. R. Civ. P. 9(b) requires. *See Chill v. General Elec. Co.*, 101 F.3d 263, 267 (2d Cir. 1996) (where the Second Circuit affirmed the district court's dismissal of the complaint and held that "[w]hen the complaint contains allegations of fraud, Fed. R. Civ. P. 9(b) requires that 'the circumstances constituting fraud . . . be stated with particularity . . . . Therefore, the actual fraudulent statements or conduct and the fraud alleged must be stated with particularity.") (citations omitted); *Olsen v. Pratt & Whitney Aircraft*, 136 F.3d 273, 275-76 (2d Cir. 1998) ("[The plaintiff] does not specify what was said . . . (as opposed to the mere gist); . . . where and when these words . . . were imparted to the plaintiff; and why these predictions of future events were fraudulent . . . . Thus the complaint falls *far short* of the requirements of Fed. R. Civ. P. 9(b), and must be dismissed.") (emphasis added) (parentheses in original).

---

[8] Nor can a fraud claim be predicated on averments made "on information and belief." *See* pages 19-20 *infra.*

ii.     As RKO's Averments Concerning The Nimkoff Firm's
Purportedly False and Excessive Billings Are Made Upon
Information And Belief, But Are Not Accompanied By A
Statement Of The Facts Upon Which the Belief Is Grounded,
The Third Counterclaim Should Be Dismissed

Averments "made upon information and belief [which] do not identify with particularity the

facts upon which the belief is founded," "would fail under Fed. R. Civ. P. 9(b)." *Stern v. General*

*Elec. Co.,* 924 F.2d 472, 477 (2d Cir. 1991) (citations omitted). *See also, DiVittorio v. Equidyne*

*Extractice Indus., Inc.,* 822 F.2d 1242 (2d Cir. 1987) (Where fraud allegations are made upon

information and belief, they "must be accompanied by a statement of the facts upon which the belief

is based."); *Sofi Classic S.A. de C.V. v. Hurowitz,* 444 F. Supp. 2d 231, 242 (S.D.N.Y. 2006)

("Allegations 'on information and belief' are generally insufficient to fulfill the requirements of Rule

9(b), except where the allegations relate to facts that are 'peculiarly within the opposing party's

knowledge' and are accompanied by a statement of the facts upon which the belief is grounded.")

(citations omitted).  Furthermore "[w]here allegations are made on information and belief, two

separate inquiries are required to determine whether plaintiffs have pleaded with particularity facts

sufficient to support their beliefs.  First, plaintiffs' factual allegations must be based on adequate

sources.  Plaintiffs must identify sufficiently the sources upon which their beliefs are based and those

sources must have been likely to have known the relevant facts.  Second, the underlying factual

allegations must justify the inference that plaintiffs urge." *Fraternity Fund, Ltd. v. Beacon Hill Asset*

*Management*, 376 F.Supp.2d 385 (S.D.N.Y. 2005).

Here, RKO's allegations concerning the Nimkoff firm's purportedly "false and excessive"

billings, are made upon information and belief, but are not accompanied by a statement of the facts

upon which the belief is grounded.  In fact, RKO has failed to identify any source upon which its

20

belief is based or how such source must have been likely to have known the relevant facts. Furthermore, RKO's bald and conclusory allegations as to the Nimkoff Firm's billings, without further specificity, do not justify the inference of fraud that RKO urges. Accordingly, such allegations are insufficient to fulfill the requirements of Rule 9(b) and the third counterclaim should be dismissed. *See In Re Crude Oil*, 2007 WL 1946553 (S.D.N.Y. 2007) ("[T]he ability to plead on information and belief should not be read as 'free license to base claims of fraud on speculation and conclusory allegations; rather, the complaint must 'adduce specific facts supporting a *strong inference* of fraud.' . . . Plaintiffs attempt to relieve themselves of the heightened standards of 9(b) by pleading their complaint on information and belief. . . . However, the foundation for plaintiffs' theory of market manipulation is insufficient in specificity and detail to establish a strong inference of fraudulent behavior that caused the market manipulation.") (citations omitted).

C.   As The Third Counterclaim Is Predicated Upon
Purported Statements That Were Promissory
In Nature At The Time They Were Made And Which
Related To Future Actions Or Conduct, It Must Be Dismissed

A fraud claim "'cannot be predicated upon statements which are promissory in nature at the time they are made and which relate to future actions or conduct,' because '[m]ere unfulfilled promissory statements as to what will be done in the future are not actionable.'" *Philips Credit Corp. v. Regent Health Grp., Inc.*, 953 F. Supp. 482, 520 (S.D.N.Y. 1997) (quoting *Brown v. Lockwood*, 76 A.D.2d 721,731, 432 N.Y.S.2d 186, 194 (2d Dep't 1980)).

Here, the mere allegation by RKO that the Nimkoff induced RKO to retain the Nimkoff Firm with promises "that it **would** cost approximately $10,000 to $15,000 to oppose defendant's motion to dismiss and to amend the complaint [in the Boymelgreen Action]" (Appendix A at ¶ 55) (emphasis added), is certainly not tantamount to an averment of fraud. *See, e.g., Rapanakis v. Athanasiou*, 250 A.D.2d 583, 583-84, 672 N.Y.S.2d 397, 398 (2d Dep't 1998) (Where the Appellate Division, in holding that the trial court should have dismissed the complaint, stated, "the representations . . . that the subject stock would be transferred cannot serve as a predicate for the third cause of action alleging fraud and deceit, since they were statements which were promissory in nature at the time they were made and which related to future actions or conduct") (citations omitted); *Sone v. Tsumura*, 222 A.D.2d 231, 232, 634 N.Y.S.2d 689, 691 (1st Dep't 1995) ("The fraud causes of action merely consist of allegations of breaches of representations with respect to performance of the contracts sued upon and are not actionable. These claims fail to allege that defendants had a present intent not to carry out promises when they made the representations.") (citation omitted); *P. Chimento Co. v. Banco Popular de Puerto Rico*, 208 A.D.2d 385, 385, 617

N.Y.S.2d 157, 158 (1st Dep't 1994) ("[I]t is the general rule that fraud cannot be predicated upon statements which are promissory in nature at the time they are made and which relate to future actions or conduct . . . . Mere unfulfilled promissory statements as to what will be done in the future are not actionable as fraud . . .'") (*quoting Brown v. Lockwood*, *supra*, 76 A.D.2d at 731, 432 N.Y.S.2d at 194); *Telecom Int'l America v. AT & T Corp.*, 2000 WL 33650021 (2d Cir. 2000) ("[S]imply dressing up a breach of contract claim by further alleging that the promisor had no intention, at the time of the contract's making, to perform its obligations thereunder, is insufficient to state an independent tort claim.").

Here, insofar as RKO's third counterclaim is predicated upon purported statements that were promissory in nature at the time they were made and which related to future actions or conduct, it should be dismissed.

> **D.**    As RKO's Execution Of The Fee Agreement Precludes It
> From Making Subsequent Assertions Of Fraudulent
> Inducement Based On Oral Representations, The Third
> Counterclaim For Fraud Must Be Dismissed

"[I]t is well established that where an agreement contains a clear disclaimer of reliance on oral representations a party is precluded from making subsequent assertions of fraudulent inducement based on oral representations." *Capstone Enterprises of Port Chester, Inc. v. County of Westchester*, 262 A.D.2d 343, 691 N.Y.S.2d 574 (2d Dep't 1999). *See Macdiarmid v. ING Bank N.V.*, 2003 WL 41995 (S.D.N.Y. 2003) (Merger clause in employment agreement barred employee's fraudulent inducement claim against employer, where written contract expressly disclaimed authority of any prior representations, and expressly contradicted employer's alleged fraudulent oral misrepresentations."); *Goldberg v. KZ 72ND*, 171 A.D.2d 525, 567 N.Y.S.2d 249 (1st Dep't 1991) ("[Plaintiff's reliance upon the alleged misrepresentations as to the parking spaces was not justified.

23

The purchase agreements, which incorporated the Offering Plan, contained a clause specifically disclaiming any reliance by the plaintiff upon 'any statement, whether written or oral made by you [defendants] or any other person except those that are contained in this Agreement or in the [Offering] plan.'".); *Calligar v. Fradkoff*, 154 A.D.2d 495, 546 N.Y.S.2d 121 (2d Dep't 1989) ("the [trial] court properly dismissed the purchaser's claims of fraud as the contract specifically precluded any reliance on representations not contained therein. The contract also contained a general merger clause precluding the purchaser's claims of reliance on oral representations.").

As stated above, the crux of RKO's third counterclaim for fraud is that the Nimkoff Firm, through its purported misrepresentations, somehow induced RKO to sign a retainer agreement (*id.* at ¶ 56; *see* Exhibit A to Appendix B), revise the original retainer agreement *(id.* at ¶ 61) and (c) continue to use the Nimkoff Firm as its counsel. *Id.* at ¶ 65. However, RKO's execution of the Fee Agreement[9] precludes it from making subsequent assertions of fraudulent inducement based on any purported Nimkoff Firm oral representations. Specifically, the Fee Agreement, to which RKO agreed and signed, expressly and unambiguously provides as follows:

> By signing this Agreement on the signature line below, you acknowledge that you have read this Agreement in its entirety, have had a full opportunity to consider its terms, have had a full and satisfactory explanation of it, and fully understand its terms and accept and agree to such terms. You also represent that you are authorized to enter into this Agreement on behalf of RKO Properties. **You understand and acknowledge that this Agreement (which supersedes and replaces the Prior Agreement) represents the entire agreement between us and that there are no additional or different terms or agreements between RKO Properties and our firm other than the terms set forth in this Agreement. This Agreement may not be modified except by a writing signed by the parties**. (Emphasis added).

_____

[9] As stated above, the Court should consider the documents attached to the Complaint as exhibits (such as the Fee Agreement), which are incorporated by reference in the Answer and Counterclaims, when deciding this motion to dismiss. *See footnote 3, supra.*

24

Exhibit A to Appendix B at 4.

Accordingly, as the Fee Agreement, to which RKO agreed and executed, contains a specific disclaimer in which RKO acknowledged that the Fee Agreement represented the entire agreement between the parties and that neither party could rely upon any other terms or agreements other than those set forth in that Fee Agreement, RKO is precluded from claiming fraud in the inducement (to its signing of the parties' original retainer agreement and the subsequent Fee Agreement or its continued use of the Nimkoff Firm as its counsel pursuant to the Fee Agreement), based on any purported contrary oral representations from the Nimkoff Firm.

<u>Conclusion</u>

For the foregoing reasons, RKO's counterclaims should be dismissed in their entirety.

Dated: Hawthorne, New York
      December 26, 2007

TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP

By:_____s/_____
      Lisa L. Shrewsberry (LS 1597)
      Daniel G. Ecker (DE 2017)
      Mid-Westchester Executive Park
      Seven Skyline Drive
      Hawthorne, New York 10532
      (914) 347-2600
      *Attorneys for Plaintiff on the Counterclaims*

NIMKOFF ROSENFELD & SCHECHTER, LLP

By:_____s/_____
      Ronald A. Nimkoff (RN 4598)
      Steven H. Blatt
      Plaintiff *pro se*
      One Pennsylvania Plaza, Suite 2424
      New York, New York 10022
      (212) 868-8100