UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NIMKOFF ROSENFELD & SCHECHTER, LLP,    ECF CASE

        Plaintiff,

    - against -

                                       Index No. 07 Civ. 7983 (DAB)

RKO PROPERTIES, LTD. and FIDELITY
INVESTMENTS,

        Defendants.
------------------------------------------------------------------X


# THE NIMKOFF FIRM'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS RKO'S COUNTERCLAIMS


| | |
|---|---|
| Of Counsel: | TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP |
| Lisa L. Shrewsberry<br>Daniel G. Ecker | Mid-Westchester Executive Park<br>Seven Skyline Drive<br>Hawthorne, New York 10532<br>(914) 347-2600<br>*Attorneys for Plaintiff*<br>*Nimkoff Rosenfeld & Schechter, LLP*<br>*on the Counterclaims* |
| Of Counsel:<br><br>Ronald A. Nimkoff<br>Steven H. Blatt | NIMKOFF ROSENFELD & SCHECHTER, LLP<br>One Pennsylvania Plaza - Suite 2424<br>New York, New York 10119<br>(212) 868-8100<br>Plaintiff *Pro Se* |

**TABLE OF CONTENTS**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.   ANY AND ALL NEW FACTS ASSERTED BY RKO IN
        ITS OPPOSITION SHOULD NOT BE CONSIDERED . . . . . . . . . . . . . . . . . . . . 1

    II.  RKO's FIRST COUNTERCLAIM SOUNDS IN LEGAL
        MALPRACTICE AND SHOULD BE DISMISSED
        AS INSUFFICIENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III. RKO'S COUNTERCLAIM FOR BREACH OF
        CONTRACT SHOULD BE DISMISSED AS
        REDUNDANT OF ITS MALPRACTICE CLAIM . . . . . . . . . . . . . . . . . . . . . . . 6

    IV.  RKO'S THIRD COUNTERCLAIM FOR FRAUD
        SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    V.   RKO SHOULD NOT BE GIVEN THE
        OPPORTUNITY TO REPLEAD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# **TABLE OF AUTHORITIES**

***Cases***

*Acito v. IMCERA Group*,
  47 F.3d 47 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Aniero Concrete Co., Inc. v. New York City Constr. Auth.*,
  2000 U.S. Dist. LEXIS 8833, 2000 WL 863208 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . 1

*Aversa v. Safran*,
  303 A.D.2d 700, 757 N.Y.S.2d 573 (2d Dep't 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Between the Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Veiner*,
  290 A.D.2d 380, 736 N.Y.S.2d 666 (1st Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Calcutti v. SBU, Inc.*,
  224 F.Supp.2d 691 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Caruso, Caruso & Branda, P.C. v. Hirsch*,
  41 A.D.3d 407, 837 N.Y.S.2d 734 (2d Dep't 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cortec Industries, Inc. v. Sum Holding L.P.*,
  949 F.2d 42 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Flutie Bros. LLC v. Hayes*,
  2006 U.S. Dist. LEXIS 31379, 2006 WL 1379594 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . 5, 7

*Fraternity Fund, Ltd. v. Beacon Hill Asset Management*,
  376 F.Supp.2d 385 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gordon v. Dino De Laurentiis Corp.*,
  141 A.D.2d 435, 529 N.Y.S.2d 777 (1st Dep't 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hayden v. County of Nassau*,
  180 F.3d 42 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9

*Hill v. Philip Morris USA*,
  2004 U.S. Dist. LEXIS 8402, 2004 WL 1065548 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . 10

*Kirk v. Heppt*,
  2008 U.S. Dist. LEXIS 3805, 2008 WL 189993 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . 3

*Leder v. Spiegel*,
   31 A.D.3d 266, 819 N.Y.S.2d 26 (1st Dep't 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Leonard F. v. Israel Discount Bank*,
   199 F.3d 99 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Mecca v. Shang*,
   258 A.D.2d 569, 685 N.Y.S.2d 458 (2d Dep't 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Nordwind v. Rowland*,
   2007 U.S. Dist. LEXIS 75764, 2007 WL 2962350 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . 3

*Pani v. Empire Blue Cross Blue Shield*,
   152 F.3d 67 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Savattere v. Subin Associates, P.C.*,
   261 A.D.2d 236, 690 N.Y.S.2d 229 (1st Dep't 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Scholastic, Inc. v. Stouffer*,
   124 F. Supp. 2d 836 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Schuh v. Druckman & Sinel*,
   2008 U.S. Dist. LEXIS 15079 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Schweizer v. Mulvehill*,
   93 F. Supp. 2d 376 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7

*Sonnenschine v. Giacomo*,
   295 A.D.2d 287, 744 N.Y.S.2d 396 (1st Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Taseff v. Nussbaumer & Clarke, Inc.*,
   298 A.D.2d 877, 747 N.Y.S.2d 621 (4th Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tinter v. Rapaport*,
   253 A.D.2d 588, 677 N.Y.S.2d 325 (1st Dep't 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tyborowski v. Cuddeback & Onofry*,
   279 A.D.2d 763, 718 N.Y.S.2d 489 (3d Dep't 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*,
   16 Misc. 3d 1051, 843 N.Y.S.2d 749 (N.Y. Cty. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*,
   10 A.D.3d 267, 780 N.Y.S.2d 593 (1st Dep't 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Weiner v. Hershman & Leicher, P.C.*,
   248 A.D.2d 193, 669 N.Y.S.2d 583 (1st Dep't 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


### *Statutes*

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## INTRODUCTION

Plaintiff Nimkoff Rosenfeld & Schechter, LLP ("Plaintiff" or the "Nimkoff Firm") submits this reply memorandum of law in further support of its motion for an order, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), dismissing the counterclaims of defendant RKO Properties, Ltd. ("Defendant" or "RKO") for failure to state a cause of action and failure to plead fraud with particularity.

## ARGUMENT

### I. ANY AND ALL NEW FACTS ASSERTED BY RKO IN ITS OPPOSITION SHOULD NOT BE CONSIDERED

As a preliminary matter, after submitting counterclaims that are, at best, bare-boned, RKO now seeks to substantially amplify those claims through its opposition to the instant motion. This should not be countenanced, as it is well-established that "parties are not entitled to assert new facts in submissions on a motion to dismiss." *Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 851, n. 16 (S.D.N.Y. 2000); *see also Leonard F. v. Israel Discount Bank*, 199 F.3d 99, 107 (2d Cir. 1999). A court's review on a motion to dismiss is generally "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *see also Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999); *Aniero Concrete Co., Inc. v. New York City Constr. Auth.*, 2000 U.S. Dist. LEXIS 8833, *98-99, 2000 WL 863208, *31 (S.D.N.Y. 2000)(excluding new facts in opposition to Fed R. Civ. P. 12(b)(6) motion, and limiting "consideration of the sufficiency of the claim to the four corners of the pleading").

In the "Facts" section of its opposition, RKO writes, "[t]he facts consist of matter which may reasonably be inferred from the pleadings and matter which RKO would set forth in an amended pleading if the Court is inclined to grant plaintiff's motion, in whole or in part, with leave to replead." [Def. Opp. at 3]. However, based upon the above no such "facts" may be so inferred, and

the <u>entirety</u> of RKO's Facts section, other than those limited portions that restate allegations previously set forth in RKO's counterclaims, should be disregarded in its entirety. In addition, as discussed further below, those portions of RKO's subsequent arguments in its opposition, regarding its purported counterclaims for breach of duty, breach of contract and fraud, that reference claims not previously set forth should not be considered in any way. *McCarthy*, 482 F.3d at 191.

In any event, even were RKO's supplemental facts to be considered, RKO's counterclaims would still be insufficient as a matter of law. As discussed below, even were the new facts to be considered, RKO has in all instances failed to sufficiently allege all of the necessary elements of its various purported claims, and dismissal of all of those claims is, in turn, warranted.

> **II.     RKO's FIRST COUNTERCLAIM SOUNDS IN LEGAL MALPRACTICE AND SHOULD BE DISMISSED AS INSUFFICIENT**

In its opposition, RKO argues that some portions of its first counterclaim, which it now refers to as a claim for "breach of duty," sound in legal malpractice while some sound in breach of fiduciary duty. [Def. Opp. at 10-16]. However, it is well established that a claim for breach of fiduciary duty which is "premised on the same facts and seeking the identical relief sought in the legal malpractice cause of action, is redundant and should be dismissed." *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 271, 780 N.Y.S.2d 593, 596 (1st Dep't 2004); *see also Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 400, n. 29 (S.D.N.Y. 2000) ("If this were not the rule, because an attorney necessarily stands in a fiduciary relationship with his client, the effect would be the elimination of the requirement that a plaintiff prove damages in order to prevail on a claim of malpractice."); *Mecca v. Shang*, 258 A.D.2d 569, 571, 685 N.Y.S.2d 458, 460 (2d Dep't 1999) (breach of fiduciary duty and fraud claims properly dismissed "since they arise from the same facts as [plaintiff's] legal malpractice claim and do not allege distinct damages.") As both the

purported claims for legal malpractice and fiduciary duty arise from the same set of facts, [Pl. Mem., Appendix A, ¶46], and seek the identical relief, [*Id.* at ¶48], there could hardly be a clearer case of a redundant pleading than as set forth in RKO's first counterclaim. As such, it is clear that RKO's first counterclaim sounds only in legal malpractice.

Further, even were RKO permitted to assert a separate claim for breach of fiduciary duty, as set forth in the Nimkoff firm's moving papers, claims sounding in legal malpractice and breach of fiduciary duty are coextensive and require, in both cases, allegations of "but for" causation. *Kirk v. Heppt*, 2008 U.S. Dist. LEXIS 3805, *8-12, 2008 WL 189993 (S.D.N.Y. 2008); *Weil, Gotshal*, 10 A.D.3d at 271, 780 N.Y.S.2d at 596. RKO has failed to set forth any such allegations of "but for" causation. Thus, regardless of whether RKO's first counterclaim is labeled as one for legal malpractice or for breach of fiduciary (or, somehow, for both), it must be dismissed. *See Nordwind v. Rowland*, 2007 U.S. Dist. LEXIS 75764, *20, 2007 WL 2962350 (S.D.N.Y. 2007) (claim for breach of fiduciary duty, premised on breaches of duties of loyalty, zealous representation, and confidentiality, dismissed as duplicative of legal malpractice claim, because the same set of facts formed the basis for both claims and because, under New York law, the same standard of causation applies to both types of claims in the context of attorney liability.)

*Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 16 Misc. 3d 1051, 1056, 843 N.Y.S.2d 749, 756 (N.Y. Cty. 2007), a recent State Supreme Court case relied on at length by RKO, to attempt to distinguish between its purported claims for legal malpractice and breach of fiduciary duty, is clearly distinguishable. *Ulico* pertained to allegations of a conflict of interest by the defendant law firm in its dealings with the plaintiff and a third-party insurance company, and the court explicitly addressed its discussion to such alleged conflict of interest. *Id.*, 16 Misc. 3d at 1059,

843 N.Y.S.2d at 757 ("While New York courts permit maintenance of both malpractice and breach of fiduciary claims based on conflict of interest provided they are not duplicative, the courts have not clearly articulated the standards for distinguishing between the types of conflict of interest that may be litigated on a malpractice theory as opposed to a breach of fiduciary duty theory.") In the absence of any similar allegations herein, *Ulico* is entirely inapplicable to the instant matter.

As is well established, and as set forth in the Nimkoff firm's moving papers, "an action for legal malpractice requires proof of three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and proof of actual damages." *Between the Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Veiner*, 290 A.D.2d 380, 736 N.Y.S.2d 666 (1st Dep't 2002). In its first counterclaim, RKO alleges only that it retained plaintiff, [Appendix A, ¶44], that plaintiff owed it a duty, [*Id.* at ¶45], that plaintiff committed certain acts of negligence, [*Id.* at ¶46], that plaintiff's conduct was "wilful, wanton, and performed recklessly and in conscious disregard of defendant's rights," [*Id.* at ¶47], and that "[b]y reason of the foregoing, defendant has been damaged." [*Id.* at ¶48]. Markedly absent is any reference, express or otherwise, to a causal nexus between the law firm's alleged negligence and RKO's alleged damages.[1]

In its opposition, RKO seeks to circumvent this dispositive failure by arguing that "the absence of a talismanic recitation that RKO's damages were 'proximately caused' by Nimkoff's misconduct" does not render the counterclaim deficient. [Def. Opp. at 14]. The issue, of course, is not whether RKO has recited *in haec verba* "but for" causation, but whether it has set forth facts sufficient to allege such causation. The answer is that it has not, as the above examination of RKO's

---

[1] As set forth in the Nimkoff firm's moving papers, "[t]he failure to demonstrate proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent." *Leder v. Spiegel*, 31 A.D.3d 266, 268, 819 N.Y.S.2d 26, 28 (1st Dep't 2006).

4

first counterclaim reveals that it has not set forth <u>any facts</u> alleging "but for" causation.

Continuing with its unsupported and wholly incorrect interpretation of "but for" causation, RKO also argues, in its opposition, that none of the cases cited by the Nimkoff firm "stand for the proposition that the failure to expressly plead 'proximate cause' subjects the claims to dismissal on a motion to dismiss." [Def. Opp. at 15]. What these cited cases stand for, to be precise, is the rule that plaintiff now seeks to avoid, namely, that "but for" causation is a necessary element of a claim for legal malpractice which must be pleaded adequately to survive a motion to dismiss. *See, e.g., Leder v. Spiegel,* 9 N.Y.3d 836, 837, 840 N.Y.S.2d 888 (2007). Certainly, there is no shortage of cases dismissing legal malpractice claims, at the pleading stage, for failure to properly allege "but for" causation. *See, e.g., Flutie Bros. LLC v. Hayes*, 2006 U.S. Dist. LEXIS 31379, *19-20, 2006 WL 1379594 (S.D.N.Y. 2006); *Aversa v. Safran*, 303 A.D.2d 700, 701, 757 N.Y.S.2d 573 (2d Dep't 2003)(defendant demonstrated that plaintiff would be unable to establish that but for his alleged negligence she would have been successful or she would not have suffered any damages); *Weiner v. Hershman & Leicher, P.C.*, 248 A.D.2d 193, 669 N.Y.S.2d 583, 584-585 (1st Dep't 1998) (complaint and supporting papers, devoid of facts and neglecting to allege the essential element of proximate cause, failed to state cause of action for legal malpractice or breach of contract); *Tinter v. Rapaport*, 253 A.D.2d 588, 590, 677 N.Y.S.2d 325, 327 (1st Dep't 1998). Based on its failure to allege the necessary element of causation, RKO's first counterclaim should be dismissed.

Similarly, RKO argues that its woefully deficient allegation of damages is adequate because "the Answer contains factual allegations from which such damages may reasonably be inferred." [Def. Opp. at 13]. However, without an allegation of "but for" causation, there can be no such "reasonable inference." For example, in *Caruso, Caruso & Branda, P.C. v. Hirsch*, 41 A.D.3d 407,

5

410, 837 N.Y.S.2d 734, 736 (2d Dep't 2007), cited by RKO, the court held that the plaintiff's allegations of damages met the requisite standard because, and only because, plaintiff had sufficiently alleged that had the defendant law firm not acted negligently the plaintiff would have achieved a better result. As RKO has failed to make any comparable allegations, it has not "set forth allegations from which damages attributable to the [law firm's] alleged malpractice might be reasonably inferred." *Id*. As such, RKO's first cause of action should be dismissed.

### III.  RKO'S COUNTERCLAIM FOR BREACH OF CONTRACT SHOULD BE DISMISSED AS REDUNDANT OF ITS MALPRACTICE CLAIM

RKO's second counterclaim, for breach of contract, literally alleges nothing more than that the parties entered into an agreement, [Appendix A, ¶50], that RKO performed all obligations of the agreement on its part to be performed, [*Id*. at ¶51], that the Nimkoff firm breached the agreement, [*Id*. at ¶52], and that, by reason of the foregoing, RKO has been damaged. [*Id*. at ¶53]. Now, for the first time in its opposition, RKO seeks to supplement its bare claim by arguing that it is premised on "RKO's payment of charges excluded by the parties' agreement" and "Nimkoff's breach of its separate and subsequent agreements for fees in lieu of the 2005 arrangement which is the subject of Nimkoff's claim." [Def. Opp. at 16]. However, as set forth in Point I, *supra*, it is well established that "parties are not entitled to assert new facts in submissions on a motion to dismiss." *Scholastic, Inc.*, 124 F. Supp. 2d at 851, n. 16. Thus, those arguments should not be considered, and the only facts that RKO may rely upon in its breach of contract claim are those that it "repeats and realleges" from its first counterclaim. [Appendix A, ¶49]. Therefore, as previously discussed in the Nimkoff firm's moving papers, as the second counterclaim avers the same exact operative facts as the first, it should be dismissed as redundant and duplicative of that claim. *Schweitzer*, 93 F.Supp.2d at 398; *see also Sonnenschine v. Giacomo*, 295 A.D.2d 287, 744 N.Y.S.2d 396 (1st Dep't 2002) (plaintiff's

6

claims for breach of contract and fiduciary duty alleged same operative facts as claim for legal malpractice, and accordingly, were properly dismissed for failure to state a cause of action).

Similarly, RKO's reliance on those same previously unasserted claims to seek to establish the basis for its claim for damages should be rejected. Further, while RKO argues that its damages may "be readily inferred" from those claims, it is clear that "[i]n the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a [counterclaim], and the pleadings must set forth facts showing the damage upon which the action is based." *Gordon v. Dino De Laurentiis Corp.*, 141 A.D.2d 435, 529 N.Y.S.2d 777 (1st Dep't 1988).

In any event, even were the claims of damages asserted by RKO in its opposition to be considered, as those alleged damages are indistinct from the alleged damages flowing from the "breach of duty" claim, dismissal of the breach of contract claim is warranted. *Flutie Bros.*, 2006 U.S. Dist. LEXIS 31379, *23, 2006 WL 1379594, n. 4; *see also Tyborowski v. Cuddeback & Onofry*, 279 A.D.2d 763, 765, 718 N.Y.S.2d 489, 491 (3d Dep't 2001) (breach of contract and breach of fiduciary duty claims dismissed as arising from same conduct and alleging no distinct damages from legal malpractice claim). Further, RKO's consent to settlement of the underlying action constituted a waiver of any possible contractual obligation to perform. *See Schweizer*, 93 F. Supp. at 399.

Finally, the case cited by RKO in its opposition, *Savattere v. Subin Associates, P.C.*, 261 A.D.2d 236, 690 N.Y.S.2d 229 (1st Dep't 1999), is in fact entirely <u>consistent</u> with the rule, as set forth in the Nimkoff firm's moving papers, that "[w]hen there is no specific promise in the contract that plaintiff claims defendant breached, the breach of contract claim is a 'redundant pleading of a malpractice claim' and should be dismissed." *Calcutti v. SBU, Inc.*, 224 F.Supp.2d 691 (S.D.N.Y. 2002) (citations omitted). In *Savattere*, which pertained, in part, to a paternity proceeding, the court

7

allowed the breach of contract claim to proceed based upon plaintiffs' allegations that the defendant attorneys acted "contrary to [plaintiffs'] *express instructions*" to oppose a paternity petition and genetic testing. 261 A.D.2d at 236, 690 N.Y.S.2d at 231 (emphasis added). Therefore, RKO's claim for breach of contract should be dismissed.

### IV.   RKO'S THIRD COUNTERCLAIM FOR FRAUD SHOULD BE DISMISSED

RKO's claim for fraud should be dismissed as redundant of its first counterclaim. *See Taseff v. Nussbaumer & Clarke, Inc.*, 298 A.D.2d 877, 747 N.Y.S.2d 621 (4th Dep't 2002). As set forth in the Nimkoff firm's moving papers, a fraud claim asserted in the context of a claim for professional malpractice is sustainable only if it is premised upon affirmative misrepresentations that have caused damages that are separate and distinct damages from those alleged in the claim for malpractice. *Id*. However, RKO's allegations of fraud herein flow from the same allegations as set forth in its first counterclaim. Notably, and conspicuously, RKO has failed to respond, in any way, to this argument in its opposition. As such, RKO's third counterclaim, for fraud, should be dismissed in its entirety.

In its opposition, RKO attempts to minimize its improper allegation of fraud made "upon information and belief" by stating that the Nimkoff firm's argument that RKO's fraud claim should be dismissed "because of a deficiency in this one allegation is without any merit." [Def. Opp. at 20]. This effort, however, fails to give due consideration to the heightened pleading requirement of a claim for fraud, pursuant to Fed. R. Civ. P. 9(b), that "a party must state with particularity the circumstances constituting fraud." Further, the particular allegation made upon information and belief, that the Nimkoff firm "sent defendant bills which . . . contained false and excessive charges, which Nimkoff falsely advised Herskowitz constituted a proper lien against the ultimate recovery in the case in the amount thereof," [Appendix A, ¶60], goes to the very heart of RKO's claim for

8

fraud. RKO's failure to undertake the requisite inquiry regarding its allegation made upon information and belief, both that the allegations be based on adequate sources and that the underlying factual allegations justify the inference made, *Fraternity Fund, Ltd. v. Beacon Hill Asset Management*, 376 F.Supp.2d 385 (S.D.N.Y. 2005), warrants dismissal of the fraud claim.

## V. RKO SHOULD NOT BE GIVEN THE OPPORTUNITY TO REPLEAD

Finally, RKO's alternative argument for leave to replead should be denied in its entirety. While RKO correctly cites the general rule that "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991), "where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Id*. Thus, where leave to amend would be futile, such leave should be denied. *Acito v. IMCERA Group*, 47 F.3d 47, 55 (2d Cir. 1995); *see also Hayden v. County of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner that would survive dismissal, opportunity to replead is rightfully denied."); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir. 1998) (as plaintiff failed to show any meritorious basis upon which to amend complaint, district court did not abuse its discretion in denying complaint without leave to amend).

RKO has had no fewer than three opportunities, including its Answer and Counterclaims, dated November 8, 2007, [Appendix A], its amended Answer and Counterclaims, dated November 13, 2007[2], [annexed hereto as Appendix C], and its opposition to the instant motion, to adequately allege the requisite elements of its purported counterclaims. Further, in its opposition it has failed

---

[2] The amended Answer differs from the initial Answer only to the extent that it adds an affirmative defense that the complaint fails to comply with the requirements of Part 137.6 of the Rules of the Chief Administrator, pertaining to arbitration in fee disputes, [Appendix C, ¶29], and adds a phrase to the first counterclaim, that the Nimkoff firm, in an effort to obtain the fees at issue, threatened RKO to subject it "to a harsh and expensive litigation which would cost plaintiff virtually nothing while defendant would incur substantial legal fees, among other things." [*Id*. at ¶47.]

to demonstrate any meritorious basis upon which to amend its counterclaims, as it has put forth nothing more than the general proposition regarding the right to replead. This failure "is not a matter that can be cured by more artful pleading," *Schuh v. Druckman & Sinel*, 2008 U.S. Dist. LEXIS 15079, *41 (S.D.N.Y. 2008), and to give RKO the right to replead "would be to invite [it] to offer a new narrative, not to furnish details that could salvage the original one, for such details, if they exist, would have been included in the first instance." *Hill v. Philip Morris USA*, 2004 U.S. Dist. LEXIS 8402, *22, 2004 WL 1065548 (S.D.N.Y. 2004). As set forth in *Hill*, "[i]t strains credulity that [the party seeking to replead], represented by counsel, failed to include factual details that could further buttress the causes of action asserted on the basis of the narrative described in the complaint." *Id*. As a result, RKO should not now be given yet another opportunity to amend its complaint and its request for leave to replead should be denied.

## CONCLUSION

Based on the foregoing, and the Nimkoff firm's moving papers, it is respectfully requested that RKO's counterclaims should be dismissed in their entirety, together with such other relief as the court deems just and proper.

Dated: Hawthorne, New York
March 14, 2008

| TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP | NIMKOFF ROSENFELD & SCHECHTER, LLP |
|---|---|
| By: _____s/_____<br>Lisa L. Shrewsberry (LS 1597)<br>Daniel G. Ecker (DE 2017)<br>Seven Skyline Drive<br>Hawthorne, New York 10532<br>(914) 347-2600<br>*Attorneys for Plaintiff on the Counterclaims* | By: _____s/_____<br>Ronald A. Nimkoff (RN 4598)<br>Steven H. Blatt<br>One Pennsylvania Plaza, Suite 2424<br>New York, New York 10022<br>(212) 868-8100<br>*Plaintiff pro se* |