UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NIMKOFF ROSENFELD & SCHECHTER, LLP,

      Plaintiff,

  -against-

RKO PROPERTIES, LTD. AND FIDELITY
INVESTMENTS,

      Defendants.
------------------------------------X



07 Civ. 7983 (DAB)
ADOPTION OF REPORT
AND RECOMMENDATION

DEBORAH A. BATTS, United States District Judge.

  On December 16, 2009, this Court ordered Plaintiff Nimkoff Rosenfeld & Schechter, LLP ("NRS") to pay Defendant RKO Properties, Ltd. ("RKO") costs for the expenses involved in jurisdictional discovery, and referred the matter to Magistrate Judge Henry B. Pitman for an inquest as to costs.  (Docket # 56, the "December 16 Order.") Now before the Court are NRS's objections to Judge Pitman's Report and Recommendation (Docket # 88, the "Report"), which recommends that this Court award Defendant RKO $53,807.00 in attorney's fees and $1,234.48 in costs, for a total of $55,041.48.  Defendant RKO has filed a "limited objection," in which it argues that it should be awarded additional attorney's fees.  The factual history of this matter is set forth in detail in the December 16 Order and the Report and will not be repeated here.

This Court having conducted the appropriate levels of review, the Report is adopted as modified herein.

## I. DISCUSSION

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt

to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

In its timely submission, Plaintiff NRS raises two objections to the Report: (1) that this Court's December 16, 2009 Order (the "December 16 Order") provided only for an award of "costs" and not for an award of attorney's fees; and (2) that the Report erred in calculating costs.

The December 16 Order stated only that "the Court awards RKO costs for its expenses incurred during jurisdictional discovery and in filing its opposition to Plaintiff's Motion for an Evidentiary Hearing." (December 16 Order, p. 14.) Plaintiff NRS is correct that "a district court cannot, under Rule 11, award attorney's fees on its own initiative." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 141 n.2 (2d Cir. 2002) (citing Fed. R. Civ. P. 11(c)(2) for the proposition that attorney's fees may be awarded on motion only).

Nor could this Court award attorney's fees under its inherent power or under 28 U.S.C. § 1927, because "[i]n this circuit, the Court may impose § 1927 or inherent-power sanctions

3

only if there is 'clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith-that is, motivated by improper purposes such as harassment or delay.'" Pacific Elec. Wire & Cable Co. v. Set Top Int'l Inc., 2005 WL 2036033, at *5 (S.D.N.Y. Aug. 23, 2005) (quoting Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000)). "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." Id. (quoting Sierra Club v. U.S. Army Corp of Eng'rs, 776 F.2d 383, 390 (2d Cir. 1985)). This Court did not make the finding of bad faith in its December 16 Order that would have been necessary to impose sanctions under Section 1927 or this Court's inherent power.

Accordingly, NRS's objection regarding the imposition of attorney's fees is SUSTAINED. For the same reasons, RKO's limited objection that it should have been awarded additional attorney's fees is OVERRULED.

NRS's objection regarding the calculation of costs simply restates NRS's position that no sanctions should have been awarded in this Court's December 16 Order, and that a proper affidavit from Defendant early on would have made these costs unnecessary. Reviewing de novo the costs recommended by the Magistrate Judge, this Court agrees that the cost incurred were

reasonable and necessary to resolve the jurisdictional issue. NRS's objection regarding the calculation of costs is OVERRULED.

## II. CONCLUSION

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Henry B. Pitman dated April 7, 2011, the Court APPROVES, ADOPTS, and RATIFIES the Report as modified herein. NRS shall pay Defendant RKO $1,234.48 in costs within thirty (30) days of the date of this Order. As NRS has not made a strong showing that it is likely to succeed on appeal, nor put forward any other sufficient justification for a stay, NRS's request to stay the award pending appeal is DENIED.

SO ORDERED.

Dated:   New York, New York
         September 6, 2012

*Deborah A. Batts*
Deborah A. Batts
United States District Judge